**HARVEY et, Plaintiffs-Appellees v SAMPSON et, Defendants-Appellants.**

Ohio Appeals, 2nd District, Montgomery County.

No. 1741. Decided January 19, 1943.

Carroll Sprigg, Dayton, for plaintiffs-appellees

Smith, Schnacke & Compton, Dayton, for defendants-appellants.

## OPINION

By HORNBECK, J.

This is an appeal on questions of law from a judgment in favor of the plaintiffs and against the defendants in the sum of $25,000, with interest and costs.

The judgment was entered upon findings of fact and conclusions of law made by the trial judge.

Six errors are assigned:

1. The Findings of Fact made by the court and entered on the 15th day of June, 1942, on which said judgment was based, is against the weight of the evidence.

2. The Findings of Law made by the court and entered on the 15th day of June, 1942, on which said judgment was based, are contrary to law.

3. Error in overruling defendants' motion for a new trial.

4. Verdict and judgment given for plaintiffs when it should have been given for defendants.

5. Other errors apparent on the record.

6. Verdict of the court entered on June 15, 1942, on which said judgment was based, was against the weight of the evidence.

The amended petition, consisting of thirteen paragraphs, is largely a recitation of the relationship of the parties and the history of former litigation whereby a judgment was entered in the Probate Court of Miami County in favor of the plaintiffs in the sum of $25,000 which judgment and findings were made the basis of the prayer of the petition for the judgment against the defendants who were minors. The answer is extended and consists of seven separate defenses, the first of which is a general denial. The reply, after admission of certain incorrect statements in the amended petition respecting the recordation of certain entries, is a general denial of the defenses set up in the answer.

We refer very briefly to the pleadings because the agreed statement of facts, together with the findings of facts and conclusions of law of the trial judge, definitely set forth the issues which arise upon the pleadings.

The briefs of the parties are voluminous and that of defendants-appellants is a thesis upon the general subject of judgments. To discuss all the questions capably presented in the briefs would serve no useful purpose in this case and protract this opinion beyond any proper bounds.

The narrow and controlling question presented is whether or not a judgment entry of the Probate Court of Miami County, Ohio, in favor of the plaintiffs upon the issues there presented was a judgment in rem only or a finding in favor of the plaintiffs and against the defendants in personam.

It appears from the agreed statement of facts that in 1927 Mildred Sampson was granted a divorce from Alden Sampson, 2nd, by the Probate Court of Miami County, Ohio, and given the custody of their two children, June Evelyn Sampson, born in 1922, and Charles Dale Sampson, born in 1923, which children are the defendants-appellants in the instant case. That Mildred Sampson at the time of the institution of the present action had remarried Arthur F. Hubbard and that she was the guardian ad litem in this case for the minors. By way of a divorce settlement the father agreed with his wife, the mother of the children, to make certain payments to her for their support. Several years after the decree it was learned that Alden Sampson, 2nd, had interests in trust funds in the state of Massachusetts which were not known to the plaintiff or the court at the time of the approval of alimony and the fixing of support money for the children.

The plaintiffs were employed by Mrs. Sampson to bring about a re-adjustment of the amount of money that should be paid to his former wife and the children and as a result of the negotiations conducted by counsel a settlement was effectuated as a part of which there was established a trust fund of $100,000 for the children. The trustee was the Fiduciary Trust Company of Boston, Massachusetts, where the corpus of the trust fund was and is kept. some considerable part of the income, however, coming into Ohio by way of payment to the then Mrs. Sampson, who was the guardian of the estate of the minor children under appointment of the Probate Court of Miami County, Ohio. The amount to be paid to her in monthly installments was to be fixed by said court. Further provision was made for payments from the principal upon application to said court and upon its finding and order that the expenditure would be for the best interest of said children or either of them.

After the settlement had been consummated in 1933, plaintiffs filed an application in the guardianship proceedings in the Probate Court, Miami County, Ohio, setting forth their services in bringing about the establishment of a trust fund for the children and asking the court to allow and fix compensation. It was set out in the application that the $100,000 fund to be established was to be the sole property of said minors and to be administered in trust for their benefit. It was averred that they had been employed by Mildred Sampson, the guardian and mother of the minor wards, and that they had represented the interest of said guardian and said minors in the matters and particulars thereafter set forth more fully in the application. Plaintiffs further aver that although they were paid for the settlement insofar as it advantaged Mildred

Sampson, and which was for her sole and individual benefit, they had received no compensation for their services in prosecuting, creating, and setting up a trust fund for the benefit of said minor children and in securing to said minors the sole ownership in the corpus of said trust estate. The prayer of the application was that the court may, upon notice to Mildred Sampson, guardian of said minors, or upon waiver of such notice by her and upon a hearing fix and determine and allow said applicants such compensation as the court shall find to be just and reasonable in the premises and to charge same against said trust estate; and order and direct the payment thereof from said trust fund, and for all other directions, orders and judgments which the court may find to be proper and just in the premises.

The agreed statement of facts authenticate Exhibits A, B, C, and D, attached to defendants' answer to plaintiffs' amended petition.

On the application of plaintiffs for attorneys fees in the Probate Court, Mildred Sampson, guardian, signed a waiver as follows:

I, Mildred Sampson, duly appointed, qualified, and acting guardian and mother and custodian of June Evelyn Sampson and Charles Dale Sampson, minors herein, enter our appearances and waive notice of the filing and hearing of the application, etc.

The only notation that we find as to the entry of the Probate Court on the application of plaintiffs to fix their fees is in the transcript:

"the Court finds that the fair value of services rendered by each of applicants is $900, total $2700."

Plaintiffs appealed from the judgment of the Probate Court and the case was tried in the Common Pleas Court de novo. On the trial on appeal counsel were appointed to represent the minors and the guardian of the minors. The Common Pleas Court found in favor of the plaintiffs and entered judgment in their behalf. The pertinent parts of the judgment entry are:

"Said cause thereupon came on further to be heard upon the application of L. E. Harvey, O. J. Myers, and L. H. Mattern, for the allowance of attorney fees for the services rendered to the minor wards herein, namely, June Evelyn Sampson and Charles Dale Sampson; and upon the answer of Mildred Sampson, as guardian of said minors, and the evidence. Upon consideration, the court being fully advised in the premises, finds that June Evelyn Sampson and Charles Dale Sampson are, each and severally, minors under the age of fourteen years; that Mildred Sampson is, and was at the time of the filing of said application, the legally appointed, qualified, and acting guardian of the said minor wards, * * *.

The court further finds that Mildred Sampson, as guardian of June Evelyn Sampson and Charles Dale Sampson, the minor wards herein, waive the issue of service of summons of hearing on said application in the Probate Court; that the said Mildred Sampson as guardian was present in person and represented by counsel in court in the hearing of this cause and that all parties and interests were duly notified before the court and had a full opportunity to be given them to be heard; that the court had authority and was vested with jurisdiction under the law of Ohio to consider the matter and allow attorney fees to the applicants herein, and to order the payment thereof from the principal of the trust fund belonging to the said minors and being administered by the Fiduciary Trust Company of Boston, Massachusetts and that this cause having come to this court on appeal, that the funds of the estate of the said minors, June Evelyn Sampson and Charles Dale Sampson, were brought into this court, and this court has like jurisdiction to consider the matter of attorney fees and if the evidence warrants to allow the same and order the payment thereof out of the principal of said trust fund.

The court further finds that the allegations of said application are true and that said applicants. namely, L. E. Harvey, O. J. Myers, and L. H. Mattern have heretofore rendered legal services of value and benefit to the minor wards herein in securing the sum of $100,000 and establishing a trust for the use and benefit of said minors as in said application set forth; that said applicants and each of them are entitled to be paid from the estate of said minors, fair and reasonable compensation therefor.

The court further finds from the evidence herein the fair and reasonable worth and value of such said services is the sum of $25,000 and said applicants are entitled to be paid from said estate of said minors said sum of $25,000 for compensation of said services.

The court further finds that under the trust deed, establishing said trust, that the best interests of said minor wards, namely, June Evelyn Sampson and Charles Dale Sampson, and each of them require that said payment be made to said applicants from the principal of said trust estate of said minor wards now in the jurisdiction of this court but being administered by the Fiduciary Trust Company of Boston, Massachusetts.

It is, therefore, ordered, adjudged, and decreed that L. E. Harvey, O. J. Myers, and L. H. Mattern have and recover of Mildred Sampson, as guardian, of June Evelyn Sampson and Charles Dale Sampson, the sum of $25,000 * * *.

It is further ordered that the Clerk of this court make out and file with the Probate Court an authentic transfer of the order and judgment of the proceedings herein, * * *."

Thereafter, an appeal was prosecuted to the Court of Appeals of Miami County where the judgment of the Common Pleas Court

was affirmed. The judgment of the Common Pleas Court was certified to the Probate Court and thus became the judgment of the Probate Court.

We do not find among the papers the answer of Mildred Sampson as guardian of the minors.

We have examined the question whether or not the minors were in court properly represented, so that they would be bound by the judgment there entered, inasmuch as no guardian ad litem was appointed for them and they appeared only through the duly appointed guardian of their person and estate. We have concluded upon the authority of **Rankin v Kemp et, 21 Oh St, 651,** that the action of the guardian under the facts appearing was as effective as though a guardian ad litem had been named for the minors and had appeared and answered as such.

The trial judge in this case has made findings of fact, evidenced by eleven numbered findings and conclusions of law. The findings of fact, in our judgment are supported by the record and the conclusions of law thereon properly flow from such findings of fact. There is no doubt that the emphasis was placed upon an allowance from the corpus of the Sampson trust in the hearings on the application of plaintiffs for fees and that no personal judgment was entered against the minors It is evident, however, that as a prerequisite to an allowance to be paid from the fund, it was essential to determine if the minors owed any sum of money to the attorneys and if so, how much. These questions were at issue and had to be determined before the other and secondary adjudication was made, namely. from what source counsel were to be paid. The following part of the entry is a finding of personal liability of the minors:

"The court further finds that the allegations of said application are true and that said applicants (naming the applicants) have heretofore rendered legal services of value and benefit to the minor wards herein in securing the sum of $100,000 and establishing the trust for the use and benefit of said minors as in said application set forth; and that said applicants and each of them are entitled to be paid from the estate of said minors, a fair and reasonable compensation therefor."

The court then finds from the evidence that the fair and reasonable worth of said services is the sum of $25,000 and "said applicants are entitled to be paid from said estate of said minors said sum of $25,000 as compensation for such services." Thus the court found that the services had been rendered by plaintiffs for the minors; that they were of value to the minors and, as upon quantum meruit, fixed the value of the services.

Counsel for plaintiffs in support of the judgment relies upon the case of **Doyle v West, 60 Oh St, 438,** the first syllabus of which is:

"In a suit to foreclose a mortgage, there was a finding of the amount due in the usual order of sale, if not paid in a certain time named. There was no prayer for a judgment, and none was rendered, and no order for an execution for any balance that might remain after applying the proceeds. A sale was made and after applying the proceeds, a balance of $102.21 remained. Held, that an action can be maintained on the finding for the recovery of this balance as a debt, evidenced by record."

Judge Minshall in the opinion on page 443 says, "The finding of the amount due is a necessary predicate to an order of sale in a foreclosure proceeding, and the finding is a judicial determination of the amount." So, in the instant case it was essential to any order of payment from the fund that it first be determined the amount due and from whom. Judge Minshall continues, "The policy of the law is against the relitigation of questions of law or fact, once heard and determined between the same parties. A question of fact once so determined is binding upon the parties in all subsequent litigation. It would be somewhat anomalous if, after the amount due on a note secured by mortgage, had been, on issue taken, heard and determined in a foreclosure suit, afterwards a suit might be brought on the notes, and the whole question again litigated." And at page 444, "It (the finding of the amount due in the foreclosure proceeding) is not, as we shall see, a judgment with any of its incidents, but is a debt evidenced by record, and can only be discharged by payment." The trial judge in this case in conclusion of law No. 3 says "That the finding of the Probate Court of Miami County, Ohio, * * * is a finding that the personal liability of the defendants was then and there at issue and that the defendants are personally indebted to the plaintiffs, thus creating a debt of record wholly unsatisfied and constituting a good and sufficient cause of action for the plaintiffs' suit herein."

We are of the opinion that the principle of Doyle v West has application to the facts adduced in the instant cause and that there was a sufficient finding in the judgment of the Probate Court to support the personal judgment in the instant cause.

Pursuant to the finding of the Common Pleas Court that the corpus of the trust for the benefit of the minor defendants was, in contemplation of law, within the jurisdiction of the Common Pleas Court of Miami County, the order was made that counsel be paid by the trustee, the Fiduciary Trust Company of Boston, Massachusetts, out of the principal of the trust fund.

Plaintiffs instituted an action in the State of Massachusetts against the Fiduciary Trust Company and others seeking to en-

force the aforesaid order. This cause is reported under the title of Harvey, et v Fiduciary Trust Company, 299 Mass. 457, 13 N. E. (2d) 299, which was an affirmance by the Supreme Judicial Court of Massachusetts of a judgment of the Superior Court of Suffolk County, Massachusetts in favor of the defendants and against the plaintiffs. The defendants in the instant case plead that the judgment of the Superior Court of Suffolk County, Massachusetts is res judicata of the right of the plaintiffs to a personal judgment here. Upon this defense the trial judge in the fourth conclusion of law finds that the Massachusetts courts made three findings only, to wit:

1. That the Miami County, Ohio, Probate Court has no jurisdiction to order the Fiduciary Trust Company as trustee for the defendants to pay $25,000 and interest to the plaintiffs.

2. That there was no personal judgment against the plaintiffs.

3. That the courts of Ohio had no jurisdiction over the trust fund held by the Fiduciary Trust Company as trustee and this court finds that none of said findings is at issue here and that said decision is not res judicata of this action.

We are satisfied that this finding comports with the judgment in the Massachusetts case. The court held that the judgment in Ohio was not a personal judgment against the minor defendants but gave no consideration to and made no determination of the ultimate question here now, whether or not a personal judgment could have been entered in the Probate Court, or whether on the facts appearing in this case a personal judgment may properly be entered. The Massachusetts court specifically considered only the question had a personal judgment been rendered, Page 306, 13 N. E. (2d).

We believe that we have considered all questions essential to a determination of the errors assigned. We have not discussed seriatim the many legal propositions advanced by counsel for the defendants, all purposed to establish the invalidity of the judgment in the Probate Court in Miami County to support the judgment of the trial court in the instant cause. Suffice to say that, inasmuch as we are of the opinion, as indicated, that there is sufficient support for the judgment and the findings of fact and conclusions of law upon which it is based, the legal principles advanced in the splendid brief of counsel for the defendants are not applicable. The judgment will be affirmed.

GEIGER, P. J. and BARNES, J., concur.