OPINION
{¶ 1} This is an appeal from a final judgment of the probate division of the court of common pleas that denied a guardian's fee request and approved payment of fees in a lesser amount.
 {¶ 2} Appellant, Worrell A. Reid, is the duly-appointed guardian of Griffith Matlock, a minor. The guardianship estate includes three depository accounts; one checking account and two tax-deferred investment accounts. No monies re currently received from the tax-deferred accounts, in which increases in value are retained on deposit. Monthly income is received from a retirement account.
 {¶ 3} At issue is Mont. Loc.R. 73.1, adopted by the probate division, which provides, in pertinent part:
 {¶ 4} "(A) The compensation that may be taken by guardians as a credit in their accountings, without application and order first obtained, must be less than or equal to that provided by the following schedule:
 {¶ 5} "(1) 5% of income from intangible investments and deposits and all installment receipts, such as Social Security or Veterans' benefits.
 {¶ 6} "* * *
 {¶ 7} "(3) $2.50 per thousand dollars of intangible personal property investments and deposits for each year of the accounting period."
 {¶ 8} Matlock filed an annual Guardian's Account in November of 2005. It included a request for approval of $1,997.21 in guardian's fees, $1,700.00 of which had already been taken. The magistrate to whom the account was referred denied the request, finding that increases in the value of the two tax-deferred accounts should be credited under paragraph (A)(3) of the local rule as part of those deposits, instead of as income from deposits and intangible investments under paragraph (A)(3) as the guardian had done in his calculating his fee request. On that basis, the magistrate recalculated the fee the guardian is due and allowed a lesser payment of $1,591.66.
 {¶ 9} The guardian filed timely objections to the magistrate's decision. The probate court overruled the objections. The guardian filed a timely notice of appeal.
FIRST ASSIGNMENT OF ERROR
 {¶ 10} "THE TRIAL COURT'S ENTRY ADOPTING THE MAGISTRATE'S AMENDED DECISION AND ENTERING JUDGMENT WAS AN ABUSE OF DISCRETION IN THAT THE COURT'S INTERPRETATION AND APPLICATION OF LOC.R. 73.1(A)(1) IS WRONG AND DISCOURAGES SOUND INVESTING."
 {¶ 11} The probate court is authorized by R.C. 2111.02(A) to appoint a guardian for the person and estate of a minor. The guardian is entitled to reasonable compensation for services performed on behalf of the ward, and the probate court is authorized to order the amount it allows for compensation paid from the guardianship estate. Harvey v. Sampson
(1943), 38 Ohio L.Abs. 375, 50 N.E.2d 423. Sup.Ct. Sup. R. 75(A) provides: "Guardian's compensation shall be set by local rule of court."
 {¶ 12} Mont.Loc.R. 73.1(A)1) expressly applies to "income." Income is defined as "[t]he money or other form of payment that one receives, usually periodically, from employment business, investments, royalties, gifts, and the likeBlack's Law Dictionary, 7th Ed.
 {¶ 13} The distinguishing feature of the two tax-deferred accounts Reid manages is that the interest they generate is not paid and received. Instead, it accrues as part of the deposit. Therefore, it is properly classified as part of a "deposit" on which an annual guardian's fee is calculated at the rate of $2.50 per thousand dollars in value pursuant to paragraph (2) of Mont.Loc.R. 73.1(A), instead of an income on which a 5% fee is allowed pursuant to paragraph (1) of the local rule.
 {¶ 14} Though probate courts are given broad discretion in adopting local rules, the rules must be reasonable in order for the guardian's compensation to be reasonable. Harvey v. Sampson. Reid argues that Mont.Loc.R. 73.1 is unreasonable, or was unreasonably applied, because depository accounts on which taxes and income are deferred tend to produce a higher return, and thus serve the best interests of the ward which the guardian is pledged to protect.
 {¶ 15} Reid's argument implies that, under the probate court's rule, guardians will be more inclined to invest the assets of the guardianship estate in opportunities that produce "income" for purposes of Mont.Loc.R. 73.1(A)(1), diminishing the return to the ward but increasing the guardian's fee because of the higher payment that paragraph of the local rule allows. Such a result is purely speculative, and is no basis to find the probate court's application of its local rule was unreasonable. Any such eventuality is a matter the probate court can address in deciding whether to approve accounts that guardians file.
 {¶ 16} The probate court reasonably applied the terms of its local rule to classify the interest that accrued in the two tax-deferred accounts as part of assets on "deposit" instead of as "income" paid and received. We find no abuse of discretion in the court's decision.
 {¶ 17} The first assignment of error is overruled.
SECOND ASSIGNMENT OF ERROR
 {¶ 18} "THE TRIAL COURT'S ENTRY ADOPTING THE MAGISTRATE'S AMENDED DECISION AND ENTERING JUDGMENT IGNORES THE `RULE OF THE CASE' AND CONSTITUTES IMPERMISSIBLE RULE MAKING."
 {¶ 19} Reid argues that because the current probate judge's predecessor had allowed Reid to classify interest that accrued in the two tax-deferred accounts as "income" for purposes of his prior fee requests, the current probate judge is barred by the "law of the case" doctrine from doing otherwise in applying the local rule. We do not agree.
 {¶ 20} "The law of the case doctrine holds that decisions by the courts in the course of judicial proceedings become binding on all the parties for all subsequent proceedings . . . This doctrine applies both to appellate decisions and trial court decisions." Shump v. FirstContinental-Robinwood Associates, Inc. (2000), 138 Ohio App.3d 353, 359. The doctrine is the foundation of the rule of stare decisis.
 {¶ 21} Guardians are required by R.C. 2109.30(A) to file an annual account of receipts and disbursements the guardian made during the prior accounting period. Fees a guardian has taken pursuant to Mont.Loc.R. 73.1 are disbursements. Each such filing is a new "proceeding," but the probate court is not bound by determinations it made with respect to prior filing for other accounting periods if those determinations were incorrect. Stare decisis does not bar the correction of prior errors. We agree with the probate court's corrected application of its own local rule.
 {¶ 22} The second assignment of error is overruled. The judgment of the trial court will be affirmed.
BROGAN, J. And FAIN, J., concur.