## No. 10,706.

### JAMES, ET AL. v. PHOENIX ASSURANCE COMPANY.

#### Decided April 7, 1924.

Action on an auto theft insurance policy. Judgment for defendant.

#### *Reversed.*

1. LARCENY—*Statutes—Automobiles.* Sections 1366, 6729 and 6738, C. L. '21, concerning theft of automobiles and larceny, considered, and a first offense under section 1366, held to be larceny.

2.  INSURANCE—*Automobiles*—*Theft*.  Wrongfully obtaining possession of an automobile by false statements, held to be a theft, as that word is used in the automobile insurance policy under consideration.

3.  *Policy*—*Ambiguity*—*Construction*.  If there is ambiguity in the wording of an insurance policy, the construction will be in favor of the insured.

*Error to the County Court of Weld County, Hon. Frederic W. Clark, Judge.*

Mr. ROBERT E. WINBOURN, for plaintiffs in error.

Mr. ERNEST L. RHOADS, Mr. BERNARD J. SEEMAN, for defendant in error.

*Department Three.*

MR. CHIEF JUSTICE TELLER delivered the opinion of the court.

PLAINTIFFS in error were plaintiffs in an action against the defendant in error to recover on an insurance policy for damages to an automobile insured by said policy.

The parties stipulated as to the facts, which are, that the plaintiffs are mortgagees of the injured automobile; that the automobile was loaned by the mortgagor to a brother-in-law for a temporary use, without authority to permit any one else to use it; that while in the possession of such bailee, a third party obtained the automobile under a false statement that he had authority from the owner to take it; and that while in his possession it received the injuries for which damages are sought.

The policy covered injury by theft. The question raised is whether or not the action of the party mentioned in taking away the automobile was a theft, under our statutes.

The case was brought in the county court; trial had to the court without a jury; finding and judgment for the defendant.

Section 1366, C. L. 1921, provides that any person who

shall, without authority, willfully, wantonly and maliciously "take possession of, or drive, or propel, or take away, * * * an automobile, the property of another, for the purpose of temporarily depriving the owner thereof of said automobile, or of the use of the same, * * * • shall, upon first conviction, be deemed guilty of a misdemeanor."

It further provides that a person convicted of a second or subsequent offense of like kind shall be guilty of a felony. Section 6729, C. L. 1921, provides that any person, who, without the consent of the owner, shall take, use, operate or cause to be taken, used, operated or removed from any garage, stable, etc., any automobile, shall be deemed guilty of larceny and punished accordingly. Section 1366, above quoted is section 2 of chapter 7 of the laws passed at the extra session in 1919, while the second quotation is from the laws of 1915.

Plaintiffs in error contend that this last section makes the act under consideration a theft, while the defendant in error contends that the act of 1919 repealed the former act and makes the taking a mere misdemeanor, therefore not a theft.

We do not regard the law of 1919 as making an essential change in the offense. It is true that the first act is made a misdemeanor merely, but that does not remove it from the definition of larceny as used in the statute.

Section 6738, C. L. 1921, makes larceny of a thing of the value not exceeding $20.00, a misdemeanor. It is therefore evident that the making of the first offense a misdemeanor merely, does not remove the act from the class covered by the term "larceny." It should be observed that the title of the law of 1919 is an act relating to and concerning "the theft of automobiles," etc. The word "theft" has a very general meaning, and we are of the opinion that interpreting the language of the policy according to the ordinary meaning of the word, the act in question should be held to have been a theft, for the purposes of this suit. If there were any ambiguity in the

matter, we should be compelled, under an established rule of construction, to resolve it in favor of the insured.

The judgment is reversed with directions to enter judgment for the plaintiffs in the amount of the damages stipulated to have been received.

MR. JUSTICE CAMPBELL and MR. JUSTICE SHEAFOR concur.