## No. 12,373.

EMPLOYERS FIRE INSURANCE COMPANY v. BARTEE.
(285 Pac. 756)

Decided February 24, 1930.

Messrs. McComb & Strong, for plaintiff in error.

Mr. James P. Veerkamp, for defendant in error.

*In Department.*

Mr. Justice Campbell delivered the opinion of the court.

Plaintiff in error, an insurance company, for premium paid to it, issued to defendant in error, Bartee, owner of an automobile, a policy of insurance against loss thereon from perils of theft, robbery and pilferage. The car was stolen, the complaint alleges, from Bartee and by the thief driven away and completely wrecked, to plaintiff's loss. Upon issues joined the trial before a jury resulted in a verdict for the plaintiff in the sum of $1,055.76, on which the court rendered judgment, after denying defendant's motion for new trial. After the case was lodged in this court we granted the motion of defendant in error Bartee and struck the bill of exceptions from the files. Before this motion was disposed of the plaintiff in error, insurance company, had filed its brief on application for a supersedeas and asked to have the cause determined on its merits in this application.

A careful examination of the record discloses that the principal, if not the only, question worthy of consideration is eliminated from consideration, because its solution depends upon what took place at the trial which could be presented to us only by a bill of exceptions. Plaintiff in error, however, contends that some of the assignments of error are still maintainable here and are based upon the record proper. We do not find this to be true. None of the assignments relied upon can properly be determined without taking into consideration the al-

leged stricken bill of exceptions and this practice we cannot, of course, justify.

The only semblance of merit in any assignment, which plaintiff in error claims is available to it, in the absence of a bill of exceptions, is that the word "theft" as a contract term in this policy means with animus furandi, excluding mere borrowing, with intent to return, which latter only the evidence showed. This statement of counsel itself shows that the assignment could not be considered in the absence of evidence. But aside from this, the point which is sought to be made is not good under our decision in the case of *James v. Assurance Co.*, 75 Colo. 209, 225 Pac. 213.

Judgment affirmed.

MR. CHIEF JUSTICE WHITFORD, MR. JUSTICE ADAMS and MR. JUSTICE ALTER concur.