GLOBE & RUTGERS FIRE INSURANCE CO. *v.* HENRY HOUSE.

(*Nashville*, December Term, 1931.)

Opinion filed January 22, 1932.

LAKE HAYS, for plaintiff in error.

FRIEDMAN & WILSON, for defendant in error.

MR. JUSTICE MCKINNEY delivered the opinion of the Court.

This is a suit on a policy insuring the owner against "theft, robbery or pilferage" of his automobile.

The facts are that about 2:15 on the morning of April 25, 1929, House parked his automobile in front of his garage, which adjoined his residence. About five o'clock that morning a negro by the name of Bell, while drunk, drove the automobile across the street curb and walk into the front of a house and against a tree, resulting in the automobile being damaged to the extent of $237. The accident occurred about 150 feet north of the House residence. The evidence does not show at what time Bell drove the car away from where it had been parked, where he had been with it, or whether the accident happened just after he drove away or as he was returning. In the opinion of the Court of Appeals it is said: "The circumstances surrounding the taking of this automobile by Bell would indicate that he took it to use it temporarily for a ride with the intention of returning it." This finding of the Court of Appeals is not questioned.

Section 1 of chapter 17, Acts of 1921, provides as follows:

"That it shall be a felony, punishable as larceny for any person to take the automobile, motorcycle, motor-truck, electric automobile, or truck, or vehicle of like character, belonging to another without such owner's consent, whether such person taking such vehicle intends to deprive the owner thereof and appropriate the same to his own use permanently, or merely intends to use the same without such owner's consent temporarily and thereafter either abandon such vehicle or return the same to the owner."

■ The policy must be construed strictly against the company. Another rule of construction is that such a policy shall be interpreted according to the laws of the state in which it is issued. Before the enactment of the Act of 1921, in order to convict one of larceny, it was

necessary to establish an intent to take another's property permanently and wholly. So that where one entered another's car for the purpose of driving to a particular place, or to take a joy ride with an intention of returning it at the completion of his journey, he was not guilty of larceny. The effect and purpose of the Act of 1921 was to make such a taking larceny even though the intent was not to permanently and wholly deprive the owner of its use.

But for the fact that the taking in this case was only temporary, we doubt if the company would question its liability. The clear object and design of our statute was to put the taking, whether for temporary or permanent use, upon the same plane. So that, in view of our statute, the company is liable in either case. The word "theft" is defined in Webster's New International Dictionary as "the felonious taking and removing of personal property, with intent to deprive the rightful owner of it." Under most of the authorities it is synonymous with the word "larceny."

Authorities supporting our conclusions are as follows: *Fidelity Phoenix Fire Ins. Co.* v. *Oldsmobile Sales Co.* (Tex. Civ. App.), 261 S. W., 491; *James* v. *Phoenix Assur. Co.*, 75 Colo., 209; *Southern Casualty Co.* v. *Landry* (Tex. Civ. App.), 266 S. W., 804; *Boyle* v. *Yorkshire Ins. Co.*, 56 Ont. L. Rep., 564.

In *Van Vechten* v. *American Eagle F. Ins. Co.* (N. Y.), 38 A. L. R., 1115, a distinction is made in the meaning of the words "theft" and "larceny," and the court, in construing a provision in a policy similar to that here involved, held that there was no liability where a garage owner, to whom the possession of a car had been committed for repairs, took the car on a trip for his own

purposes, and on the homeward journey ran it against a pole. Neither under similar circumstances would there be any liability in this State since by chapter 28, Acts of 1911, a bailee who without authority uses the automobile of the bailor is only guilty of a misdemeanor. *Bailey* v. *State*, 150 Tenn., 598.

We are of the opinion that the parties intended that the policy sued on should apply in a case such as we are now considering, and therefore deny the writ.