Zimmerman, J.
 

 Opposing counsel agree that an important feature of this case is the meaning to be given the term “theft” as used in the insurance contract involved. Consequently, we shall first direct attention to that subject.
 

 The insurance contract provides insurance coverage for “loss of use [of an automobile] by theft,” “Theft, if the entire automobile is taken,” and “D-l theft (broad form).”
 

 No definition of the terms “theft” or “larceny” appears anywhere in the insurance contract.
 

 
 *42
 
 A clause of the contract also provides that the insurer will defend any suit against the insured “as respects insurance afforded by this endorsement * * * even if such suit is groundless, false or fraudulent.”
 

 On this appeal counsel for the appellant earnestly contend that appellant is liable only if a “theft” of the automobile occurred; that to constitute “theft” an intent permanently to deprive the owner of his property must be shown; that no such intent on the part of Bourne is disclosed by the evidence; and that, therefore, the situation is not covered by the terms of the insurance contract, the insurer is not liable for the loss and was not obliged to defend the original suit instituted against the appellee by the owner of the automobile taken.
 

 To fortify this argument, a number of cases are cited, some of which are mentioned or reported in 89 A. L. R., 465, annotation; 133 A. L. R., 920, annotation; and 152 A. L. R., 1100, annotation.
 

 It must be conceded the cited cases do hold that to constitute “theft” of an automobile within the meaning of the terms of a policy insuring against such contingency, a claimant under the policy must prove a criminal intent permanently to deprive the owner of his property. However, recent cases have announced and applied a more liberal rule.
 

 In Ohio the general principle is well recognized that a contract of insurance prepared and phrased by the insurer is to be construed liberally in favor of the insured and strictly against the insurer, where the meaning of the language used is doubtful, uncertain or ambiguous. 22 Ohio Jurisprudence, 340, Section 185.
 

 Moreover, this court has stated that in an insurance policy indemnifying against the loss of an automobile by “theft,” that word should be given the usual meaning and understanding accorded it by persons in the
 
 *43
 
 ordinary walks of life.
 
 Royal Ins. Co., Ltd.,
 
 v.
 
 Jack,
 
 113 Ohio St., 153, 148 N. E., 923, 46 A. L. R., 529.
 

 The word “theft” is not defined by the statutes of Ohio relating to crimes and offenses, and different courts have given various definitions of the term.
 

 In Black’s Law Dictionary (3 Ed.), 1725, “theft” is defined as “the fraudulent taking of corporeal personal property belonging to another, from his possession, or from the possession of some person holding the same for him, without his consent, with intent to deprive the owner of the value of the same, and to appropriate it to the use or benefit of the person taking.”
 

 In 3 Bouvier’s Law Dictionary (Rawle’s 3 Rev.), 3267, it is stated, “theft” is “a wider term than larceny and includes other forms of wrongful deprivation of property of another. * * * Acts constituting embezzlement or swindling may be properly so called.”
 

 We think it may be accurately said that to “the man on the street” the word “theft” is of broader scope than “larceny” and comprehends essentially the wilful taking or appropriation of one person’s property by another wrongfully and without justification and with the design to hold or make use of such property in violation of the rights of the owner. In our opinion, where the word “theft” is used in an insurance policy, without definition, it should be interpreted as liberally as possible to protect the insured.
 

 An interesting case is that of
 
 Boyle
 
 v.
 
 Yorkshire Ins. Co., Ltd.,
 
 56 Ontario Law Rep., 564, in which, under facts similar to those existing here, the court allowed recovery under a policy insuring against “theft,” where it appeared that the taking of the motor vehicle was “fraudulent and without colour of right.” Attention is also directed to the recent case of
 
 Pennsylvania Indemnity Fire Corp.
 
 v.
 
 Aldridge,
 
 117 F. (2d), 774, 133 A. L. R., 914, where in an elaborate and persuasive discussion the court held that to recover in
 
 *44
 
 demnity for “tlieft” of an automobile, under a policy insuring against it, an intent permanently to deprive the owner of his property need not be established; and that it is sufficient if the proof demonstrates an intentional appropriation of the automobile “to a use inconsistent with the property rights of the person from whom it is taken.”
 

 Clearly, within such rule, there could be recovery in the present action for the loss sustained.
 

 The decision of the federal court just cited has been approved and followed in several later cases, including
 
 Baker
 
 v.
 
 Continental Ins. Co.,
 
 155 Kan., 26,122 P. (2d), 710, and is indicative of the present trend of authority.
 

 See, also,
 
 James
 
 v.
 
 Phoenix Assur. Co.,
 
 75 Colo., 209, 225 P., 213;
 
 Block
 
 v.
 
 Standard Ins. Co. of New York,
 
 292 N. Y., 270, 54 N. E. (2d), 821, 152 A. L. R., 1097;
 
 Globe & Rutgers Fire Ins. Co.
 
 v.
 
 House,
 
 163 Tenn., 585, 45 S. W. (2d), 55.
 

 After an examination of numerous cases, with special regard for their reasoning and their approach to the particular problem presented, it is our conclusion that construing the instrument herein liberally in favor of the insured the determination is justified under the evidence that there was a “theft” of the automobile within the coverage provided by the contract, and that the judgments of the courts below to that effect are supportable.
 

 Taking this view of the matter, it becomes unnecessary to consider or decide whether the finding and judgment in the case of the Liberty Mutual Insurance Company vs. Toms, heretofore mentioned, in which it was adjudged that a theft of the automobile in question had occurred, operate to estop the. appellant herein, which failed to defend that action, from relitigating the same issue in the instant case.
 

 
 *45
 
 Being of opinion that the judgment of the Court of Appeals is without error, the same is affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Bell, Williams, Turner and Hart, JJ., concur.
 

 Matthias, J., concurs in the judgment.