ZimmermaN, J.,
dissenting. I am aware of and approve the general rale that a court in interpreting a policy of insurance prepared by the insurer should resolve any ambiguities therein in favor of the insured. The writer has applied that rule liberally for the benefit of the insured in a number of opinions he has written. For example, see Toms v. Hartford Fire Ins. Co., 146 Ohio St., 39, 63 N. E. (2d), 909; Kitt v. Home Indemnity Co., 153 Ohio St., 505, 92 N. E. (2d), 685; and American Policyholders Ins. Co. v. Michota, 156 Ohio St., 578, 103 N. E. (2d), 817, 35 A. L. R. (2d), 448.
Nevertheless, a policy of insurance is a contract and like any other contract must be given a reasonable construction in conformity with the intention of the parties as gathered from the ordinary and commonly understood meaning of the language used.
The policy of group insurance in issue is limited in coverage and affords protection, in the instance involved herein, only while a pupil is “en route between the home and the school.”
Daniel Unger met his tragic death in the garage on the premises where he lived at a time when he was preparing to leave his home for school but before he was en route to his destination.
To me, there is no real ambiguity in the quoted language of the policy. By the plain import of the words chosen, the protection afforded is obviously from street and traffic hazards which might be encountered by the pupil after leaving home or school and during his journey between those two places.
In its usual and commonly understood meaning the word, “home,” is broader and more comprehensive than the word, “house,” and embraces the entire residence estate, including the land and buildings thereon or, as it is sometimes expressed, the dwelling house and its curtilage. DeMouy v. Jepson, 255 Ala., 337, 341, 51 So. (2d), 506, 510; Jones v. Holloway, 183 Md., 40, 43, 36 A. (2d), 551, 553, 152 A. L. R., 933, 936; Ratzell v. State, 27 Okla. Cr., 340, 345, 228 P., 166, 168; Seismic Explorations, Inc., v. Dobray (Tex. Civ. App.), 169 S. W. (2d), 739, 744; In re Estate of Montgomery, 257 Wis., 223, 225, 42 N. W. (2d), 923, 924. For additional definitions, see, also, In re *412 Niesen’s Estate, 64 Ohio Law Abs., 485, 103 N. E. (2d), 24, and compare annotation, 38 A. L. R. (2d), 840 et seq.
The term, “en route,” also has a universally recognized and commonly accepted meaning and connotes “during a journey” or “along the way.” Ordinarily an incident happens en route when it occurs after departure from one place and during progress to another. It is difficult to comprehend how an individual can be between two places when he is at one of them.
Therefore, I am in agreement with the trial judge herein who entered judgment for the insurer and with the dissenting Court of Appeals judge who expressed the view in a dissenting opinion that the judgment below should be affirmed.
Weygandt, C. J., concurs in the foregoing dissenting opinion.