**FIRST AMERICAN NATIONAL BANK OF NASHVILLE, Appellant,**

v.

**AUTOMOBILE INSURANCE COMPANY et al., Appellee.**

**No. 13214.**

United States Court of Appeals
Sixth Circuit.

Feb. 6, 1958.

---

Cecil Sims, Nashville, Tenn., for appellant.

Malcolm Y. Marshall, Louisville, Ky. (Ogden, Galphin & Abell, Louisville, Ky., on the brief), for appellees.

Before SIMONS, Chief Judge, McALLISTER, Circuit Judge, and BOYD, District Judge.

BOYD, District Judge.

Sometime prior to July 30, 1954, as an integral part of its mortgage and loan business, the First American National Bank of Nashville, Tennessee, appellant, with two Kentucky banks participating, loaned the New Farmers Burley Warehouse, Inc., of Scottsville, Kentucky, $65,000.00, for construction of a warehouse in Scottsville, and received a mortgage on the completed warehouse to secure the loan. The eleven appellee insurance companies insured the Warehouse Company against any loss by fire and provided in the loss payable clauses in their respective policies that any loss or damage thereunder would be payable to the appellant bank as its interest might appear. Appellant bank, over a period of time, had made other similar loans in the State of Kentucky, its interests being protected by insurance as in this case.

On the date above stated the warehouse was totally destroyed by fire. Though proofs of loss were duly made there was delay on the part of the appellee companies in making settlement with the result that appellant bank initiated this proceeding in the District Court at Nashville to recover its losses and to invoke the provisions of the Tennessee penalty statute which permits recovery for additional expenses incurred where payment by an insurance company is refused in bad faith after notice and demand. Through a separate interpleader proceeding in the same court, appellee companies admitted liability and paid into court the full amounts under their respective policies but denied that they were liable for any additional expenses under the Tennessee penalty statute, as claimed by the appellants herein.

The question presented in this appeal is whether the Tennessee penalty statute, 56-1105, Tennessee Code, authorizing a court to assess damages against an insurer for failure in bad faith to pay losses, is applicable where the contracts of insurance covering a building located in the State of Kentucky were made in the State of Kentucky and losses thereunder were payable to a Nashville, Tennessee bank as mortgagee.

It should be stated here that Kentucky does not have a penalty statute such as that of Tennessee.

The District Judge for the Middle District of Tennessee, after hearing the entire case, ruled the Tennessee penalty statute herein was not applicable and dismissed appellant's complaint. He did not rule on the "good faith" issue under

the aforesaid penalty statute. The important facts of the case are not too much in dispute. The District Judge, among other things, found that though each insurance company here involved was domesticated and was doing business in both Tennessee and Kentucky, the making and execution of the insurance contracts herein resulted from no act, transaction or business done in the State of Tennessee by the appellee insurers. He found every act necessary to make each of the policies herein a complete and binding contract of insurance was performed in the State of Kentucky; that no one of the policies in its terms specified where a loss was to be paid; that the mortgage to the appellant bank was executed, acknowledged, delivered and recorded in Allen County, Kentucky; that the contracts of insurance herein became, in Kentucky, complete and binding contracts and were, for all intents and purposes, Kentucky contracts. He further found, in the light of the total circumstances, including the acts and conduct of the parties and the events which took place in the State of Kentucky, that it was the manifest intention of the parties that their respective rights, duties and obligations under the policies as to performance, payment, or otherwise, should be governed and controlled by the laws of the State of Kentucky and not by the laws of the State of Tennessee.

It is the bank's insistence that these insurance contracts were to be performed in Tennessee and that the law of the place of performance governs the rights and remedies of the parties in the circumstances here presented, especially, since the Tennessee penalty statute affords the remedy and the loss occurred in the State of Tennessee. To decide the question, it is necessary to determine whether in a diversity case, as this, a Federal Court is required to follow Conflict of Laws rule prevailing in the state in which it sits.

We think, under the trial court's findings which are amply supported by evidence, that we are obliged to apply, as did the trial judge, the Tennessee conflict of laws rule in determining whether these insurance contracts may be said to be Kentucky contracts and are to be governed by the laws of that state or by the laws of the State of Tennessee. Klaxon Company v. Stentor Electric Manufacturing Company, Inc., 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477; Griffin v. McCoach, 313 U.S. 498, 61 S.Ct. 1023, 85 L.Ed. 1481.

The Tennessee conflict of laws rule provides that rights and obligations under a contract are governed by the law of that state with the view to which it is made and that the intentions of the parties in this respect to be gathered from the terms of the instruments and all of the attending circumstances control. Bowman v. Price, 143 Tenn. 366, 226 S.W. 210; Deaton v. Vise, 186 Tenn. 364, 210 S.W.2d 665, 668. The Supreme Court of Tennessee, in the latter case, said:

"* * * a contract is presumed to be made with reference to the law of the place where it was entered into unless it appears it was entered into in good faith with reference to the law of some other state."

The District Judge, in applying the Tennessee conflict of laws rule, held that all interested parties to the contracts of insurance herein clearly intended and did contract with reference to the laws of the State of Kentucky and not the laws of the State of Tennessee. He ruled that Kentucky law controls with respect to payment and performance under the contracts herein and that the Tennessee penalty statute was inapplicable. In this we think he was correct.

We also agree with the District Judge in holding that application of the Tennessee penalty statute herein would result in giving it extraterritorial effect and would constitute a violation of the due process clause, Amend. 5, and other provisions of the Federal Constitution. Aetna Life Insurance Company v. Dunken, 266 U.S. 389, 45 S.Ct. 129, 69 L.Ed. 342; Hartford Accident & Indem-

nity Company v. Delta & Pine Land Company, 292 U.S. 143, 54 S.Ct. 634, 78 L.Ed. 1178; New York Life Insurance Company v. Miller, 8 Cir., 139 F.2d 657.

The judgment of the District Court is affirmed.