The **OHIO CASUALTY INSURANCE COMPANY**

v.

The **TRAVELERS INDEMNITY COMPANY.**

Supreme Court of Tennessee.

April 16, 1973.

W. P. Ortale, Ortale, Kelley, Herbert & Crawford, Nashville, for appellant.

Fred E. Cowden, Jr., Glasgow, Adams & Taylor, Nashville, for appellee.

## OPINION

McCANLESS, Justice.

This case comes before us on direct appeal from the Chancery Court of Davidson County by stipulation of facts pursuant to T.C.A. § 16–408. It involves a question of conflict of laws growing out of a dispute between the plaintiff, Ohio Casualty, and the defendant, Travelers, over the construction of the "other insurance" provisions in their respective policies. The problem arose from an automobile collision occurring in Trousdale County. Ohio Casualty had a policy covering the owner of the liable vehicle, and Travelers had a policy insuring the driver of that vehicle. Both policies were contracted and delivered in Kentucky, and both contained similar "other insurance" provisions.

The plaintiff, Ohio Casualty, settled all claims arising out of the accident, and these payments were stipulated by the defendant. Ohio Casualty made demand upon Travelers for proration which was denied on the ground of conflicting "other insurance" provisions. Ohio Casualty then brought suit against Travelers for indemnity and contribution. On the date of trial the parties stipulated, among other things, that if the trial court applied Kentucky law in resolving the conflict in the other insurance clauses, the plaintiff would recover nothing since it was agreed that under the law of the Commonwealth of Kentucky, the plaintiff's policy would be considered primary insurance, and the defendant's would be considered excess. Conversely, if Tennessee law applied, the defendant would prorate the amounts paid in settlement.

The Chancellor held that the law of Kentucky, the *lex loci contractus*, applied. The sole issue for our determination is which state's law should apply.

The issue before us is one of contract and not one of tort. The stipulation in the Chancery Court has determined the issue of tort liability. The question presented this Court is one of contract construction, and the interpretation to be given conflicting "other insurance" provisions. It is a familiar rule in Tennessee that the construction and validity of a contract are governed by the law of the place where the contract is made. Sloan v. Jones, 192 Tenn. 400, 241 S.W.2d 506 [1951].

The Tennessee rule was well stated by the United States Court of Appeals, Sixth Circuit, in First American National

**467**

Bank of Nashville v. Automobile Insurance Company, 252 F.2d 62 [1958], as follows:

"The Tennessee conflict of laws rule provides that rights and obligations under a contract are governed by the law of that state with the view to which it is made and that the intentions of the parties in this respect to be gathered from the terms of the instruments and all of the attending circumstances control. Bowman v. Price, 143 Tenn. 366, 226 S.W. 210; Deaton v. Vise, 186 Tenn. 364, 210 S.W.2d 665, 668. The Supreme Court of Tennessee, in the latter case, said:

"'* * * a contract is presumed to be made with reference to the law of the place where it was entered into unless it appears it was entered into in good faith with reference to the law of some other state.'"

Relying on the *First American* case, supra, in a case involving a factual situation almost identical to the one presently before us, the Court held:

"The District Judge applied, and we think properly, the Tennessee conflict of laws rule and held that the liability of the insurance companies under the policies of insurance was to be governed by the *lex loci contractus* which was Florida. He relied on First American Nat'l Bank v. Automobile Ins. Co., 252 F.2d 62 (C.A. 6, 1958); Sloan v. Jones, 192 Tenn. 400, 241 S.W.2d 506, 25 A.L.R.2d 1235 (1951); Globe & Rutgers Fire Ins. Co. v. House, 163 Tenn. 585, 45 S.W.2d 55 (1932). Other cases supporting this proposition, which is the general rule, are Northwestern Nat'l Cas. Co. v. McNulty, 307 F.2d 432 (C.A. 5, 1962); Mutual Benefit Health & Acc. Ass'n v. Kennedy, 140 F.2d 24 (C.A. 5, 1943); Shane v. Commercial Cas. Ins. Co., 48 F.Supp. 151 (E.D.Pa.), aff'd 132 F.2d 544 (C.A. 3, 1942)." Carr v. American Universal Insurance Co., 341 F.2d 220 [C.A. 6 1965].

Both policies of insurance were made and delivered in Kentucky, and in view of the foregoing authorities we are of the opinion that the conflicts rule of *lex loci contractus* applies with the result that the substantive law of Kentucky governs the interpretation and construction of the conflicting provisions of the insurance contracts. The holding of the court below is affirmed.

DYER, C. J., CHATTIN and HUMPHREYS, JJ., and WILSON, Special Judge, concur.