**Dorothy I. MacPHERSON**

v.

**Charles R. MacPHERSON.**

**Civ. A. No. 6543.**

United States District Court,
M. D. Tennessee,
Nashville Division.

March 23, 1973.

As amended July 15, 1974.

Robert I. Auler, Champaign, Ill., for plaintiff.

Vaden M. Lackey, Jr., Nashville, Tenn., for defendant.

## MEMORANDUM

MORTON, District Judge.

This is a diversity action brought by plaintiff, a citizen of the State of Illinois, against defendant, a citizen of the State of Tennessee, for allegedly delinquent support payments in excess of $10,- 000, provided for in a property settlement contract entered into by the parties on October 31, 1967.

The case was tried on stipulated facts, the pertinent portion thereof being as follows.

Plaintiff and defendant were married on September 28, 1947, in Illinois, and during subsequent years lived in Missouri, New Jersey, South Carolina, and established their final marital residence in Connecticut in 1962. On December 15, 1966, Charles R. MacPherson moved to New York City, but the plaintiff continued to live in Connecticut with the children of their marriage. On October 13, 1967, the parties entered into a separation and property settlement agreement, which was prepared by the attorneys of both parties. The defendant signed the agreement in New York on the date it bears, and his attorney delivered the agreement to plaintiff's attorney in Connecticut by letter dated October 27, 1967. The plaintiff signed the agreement in Connecticut on October 31, 1967, and it was mailed to the defendant's attorney in New York by letter dated December 15, 1967, to be held in escrow pending the execution of a trust agreement, the payment of certain sums of money, and an agreement to obtain proper endorsements for certain life insurance policies which constitute the corpus of the trust. The trust agreement was also executed by the defendant on October 13, 1967, and forwarded to the trustee in another state for her signature. Apparently her signature was delayed, and the acknowledgment to her signature was dated November —, 1967. On December 29, 1967, the defendant obtained a divorce in Mexico, with the plaintiff making appearance through her attorney. The judgment of the Mexican court incorporated the prior separation agreement by reference without merging it with the decree. The defendant made the monthly payments to the plaintiff as required by the separation agreement until June 1, 1968.

On April 3, 1968, Dorothy I. MacPherson entered into a purported mar-

riage with Frank L. Miles at Folkston, Georgia. They returned to Connecticut and lived there for two months until June 15, 1968, when the plaintiff and Miles moved to Florida. On October 22, 1968, plaintiff discovered that at the time of the purported marriage Miles had a wife still living. Thereafter plaintiff separated from Miles and went to the State of Illinois where she has remained as a resident since that time. On November 2, 1971, the Circuit Court for the Sixth Judicial Circuit, Champaign County, State of Illinois, granted a decree of annulment to the plaintiff, declaring the purported marriage of Dorothy I. MacPherson to Frank L. Miles as void *ab initio*. Miles entered an appearance at the annulment proceedings.

Plaintiff made a demand upon the defendant to reinitiate the monthly payments as required by the property settlement agreement, and the defendant refused.

The present suit was instituted on March 21, 1972, in order to seek enforcement of various provisions of the separation agreement. At the time of trial, however, the only issue which remained arises under the fifth paragraph of the agreement which is in the following words, to-wit:

"FIFTH: The Husband shall pay to the Wife for the support and maintenance of the Wife the sum of $600.-00 per month payable on the first day of each month beginning July 1, 1967.

"All payments to be made to the Wife by the Husband under this Paragraph FIFTH shall cease upon her death or remarriage or upon the death of the Husband."

The plaintiff alleges that she has never remarried. The defendant asserts that the marriage of plaintiff to Frank L. Miles, even if bigamous, constituted a satisfaction of the marriage escape clause of the fifth paragraph of the separation agreement· as hereinbefore quoted. In addition, he asserts that since he was not a party to the alleged annulment proceedings, he· is not bound thereby.

The plaintiff asserts that this contract and particularly the word "remarriage" should be construed in accordance with the law of the State of Illinois. On the other hand, the defendant asserts that said contract should be construed in accordance with the laws of the State of New York.

■ Since this is a diversity case, this court, sitting in the State of Tennessee, is required to follow the Tennessee conflict of laws rule in determining which state's laws apply in the interpretation of this contract. Klaxon Co. v. Stentor Electric Mfg. Co., Inc., 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941); Griffin v. McCoach, 313 U.S. 498, 61 S.Ct. 1023, 85 L.Ed. 1481 (1941); First American National Bank·of Nashville v. Automobile Insurance Company, 252 F. 2d 62 (6th Cir. 1958).

The Tennessee conflict of laws rule has been succinctly stated as follows:

"The Tennessee conflict of laws rule provides that rights and obligations under a contract are governed by the law of that state with the view to which it is made and that the intentions of the parties in this respect to be gathered from the terms of the instruments and all of the attending circumstances control. Bowman v. Price, 143 Tenn. 366, 226 S.W. 210; Deaton v. Vise, 186 Tenn. 364, 210 S.W.2d 665, 668. The Supreme Court of Tennessee, in the latter case, said:

"'. . . a contract is presumed to be made with reference to the law of the place where it was entered into unless it appears it was entered into in good faith with reference to the law of some other state.'" First American National Bank of Nashville v. Automobile Insurance Co., supra, at 64.

The court feels that the following facts need to be considered in ascertaining whether this contract should be interpreted under the laws of Connecticut, New York, or. Illinois. The marital domicile existed in the State of Connecticut. When defendant left Connecti-

cut the family continued to reside there and Connecticut had a direct interest in the protection of its residents. The defendant signed the contract and trust agreement on October 13, 1967, in New York, and forwarded both documents for execution outside the State of New York. The final signature on the property settlement agreement took place in Connecticut. Thereafter, nothing remained to be performed by the defendant except the performance of the agreement and compliance with the trust. The monetary payments which were requested in the escrow letter, by which letter the executed agreement was returned to New York, were merely in performance of the agreement. Thereafter, for a period of approximately two years, payments were made to the plaintiff who was still a resident of the State of Connecticut. The property settlement agreement, upon which this suit is based, contains the following language:

".   .   .   and all of the terms and conditions of the Insurance Trust are hereby incorporated herein by reference with the same force and effect as though the same were set forth herein in full."

The trust agreement provided as follows:

"SEVENTH: The trust hereunder shall be administered in accordance with the laws of the State of Connecticut."

■ Taking into account the totality of the circumstances and the fact that it would be incongruous to interpret a portion of the contract in accordance with the law of one state and the trust instrument which was made a part of the contract by the law of another, the court finds that the interested parties clearly intended and did contract with reference to the laws of the State of Connecticut. It is therefore held that Connecticut law controls the interpretation of the contract and the trust incorporated therein.

The remaining question to be determined is whether the plaintiff remarried under the laws of the State of Connecticut. The applicable statute of the State of Connecticut is as follows:

"§ 46–28. Void marriages: annulment. Orders relative to children and alimony. Whenever for any cause any marriage is void or voidable under the laws of this state or of the state in which such marriage was performed, the superior court may, upon complaint, pass a decree declaring such marriage void, and may thereupon make such order in relation to any child of such marriage and concerning alimony as it might make in a proceeding for a divorce between such parties if married. The issue of any void or voidable marriage shall be deemed legitimate."

■ An analysis of Connecticut decisions reflects that a bigamous marriage is void *ab initio*. Perlstein v. Perlstein, 152 Conn. 152, 204 A.2d 909 (1964); Yeager v. Flemming, 282 F.2d 779 (5th Cir. 1960).

■ Thus it would appear that if the bigamous marriage is void *ab initio*, the parties were left in the same position as if the plaintiff had entered into an illicit relationship with Frank L. Miles without the benefit of ceremony. Clearly there was no "remarriage" as set forth in the separation contract.

■ The defendant also attempts to collaterally attack the validity of the annulment decree rendered by the Illinois court. In addition to the fact that the annulment decree is irrelevant under the stipulated facts, the defendant cannot collaterally attack the decree in this cause. Williams v. North Carolina, 317 U.S. 287, 63 S.Ct. 207, 87 L.Ed. 279 (1942).

The plaintiff is entitled to recover from the defendant a sum of Six Hundred Dollars ($600.00) per month for the period beginning June 1, 1968, to the date of the entry of this memorandum. A proper order will be prepared by the attorney for the plaintiff and forwarded to the court for entry.