# IN THE COURT OF APPEALS OF TENNESSEE, WESTERN SECTION
## AT KNOXVILLE

FILED

April 4, 1996

Cecil Crowson, Jr.
Appellate Court Clerk

|  |  |  |
|---|---|---|
| **ATLANTA CASUALTY COMPANY,** | ) | Claiborne County Circuit Court |
|  | ) | No. 7335 |
| Plaintiff/Appellant. | ) |  |
|  | ) |  |
| VS. | ) | C. A. No. 03A01-9507-CV-00232 |
|  | ) |  |
| **MARGIE ETTA FUSON, DAMON** | ) |  |
| **LEE FUSON, and SHANNON NICOLE** | ) |  |
| **FUSON**, | ) |  |
|  | ) |  |
| Defendants/Appellees. | ) |  |
|  | ) |  |

From the Circuit Court of Claiborne County at Tazewell.
**Honorable Conrad E. Troutman, Jr., Judge**

 **Steven L. Hurdle**,
**Jeffrey Ingran,**
ARNETT, DRAPER & HAGOOD, Knoxville, Tennessee
Attorneys for Plaintiff/Appellant.

**Dennis M. Robertson**, Tazewell, Tennessee
Attorney for Defendants/Appellees.

OPINION FILED:

**AFFIRMED AND DISMISSED**

**FARMER, J.**

**CRAWFORD, P.J., W.S.** : (Concurs)

**HIGHERS, J.** : (Concurs)

This appeal stems from a declaratory judgment action filed by Appellant, Atlanta Casualty Company (Atlanta Casualty), seeking a determination of whether an automobile insurance policy issued by Atlanta Casualty to Damon P. Fuson, now deceased, affords uninsured motorist coverage to the appellees, Margie Etta Fuson, surviving spouse of the deceased, and their two minor children, Damon Lee and Shannon Nicole Fuson (hereinafter "the Fusons"). The trial court entertained motions for summary judgment filed by both parties. The trial court denied Appellant's motion, but entered summary judgment in favor of the appellees, finding that the insurance policy in question affords them coverage. For reasons hereinafter detailed, we affirm the judgment of the trial court.

The facts of this case are undisputed. On September 17, 1992, the decedent was a passenger in an automobile driven by Michael D. Shockey and owned by Josie Lee, neither of whom carried liability insurance at the time. The automobile was involved in a single car accident in Ohio, resulting in the death of Mr. Fuson. None of the appellees were involved in the accident. On the date of the accident, Mr. Fuson was insured under an automobile insurance policy issued him by Appellant in Tennessee, while he and the Fusons were residents of Claiborne County, Tennessee.[1]

The insurance policy identifies the deceased as the named insured. The policy period was from April 27, 1992 to October 27, 1992. Its limits of liability under the uninsured motorist provisions for "bodily injury" are "$25,000 per person $50,000 per acc." The policy defines "bodily injury" as "bodily harm, sickness or disease, including death that results."

In accordance with the policy, Atlanta Casualty tendered $25,000 to the deceased's estate. This declaratory judgment action was filed when a dispute arose between the parties as to whether Atlanta Casualty is further obligated under the uninsured motorist provisions to make additional payments to the Fusons beyond the $25,000 per person limit.

In ruling, the trial court found:

---

[1]At the time of the filing of the complaint, Margie Fuson was a resident of Kentucky.

[T]hat [Appellees'] Motion for Summary Judgment, to the extent that it requests the entry of an Order denying plaintiff the declaratory judgment sought, is well founded and is therefore granted. Further, the court finds that the uninsured motorist provisions of the insurance policy issued by Atlanta Casualty to Damon P. Fuson provides coverage to the [appellees] for the accident occurring in Ohio which is the subject of this cause. To the extent that the [appellees], through their Motion for Summary Judgment, seek additional relief, their Motion is denied.[2]

The issue on appeal, as stated by Appellant, is as follows:

Does Atlanta Casualty, which issued a split-limits uninsured motorist policy to Damon P. Fuson, and which paid the per person limits of that policy to his estate due to a wreck with an uninsured motorist, owe any additional contractual duties to his family, none of whom were: 1) named insureds; 2) injured in the wreck; 3) occupants of the vehicle in the wreck; or 4) owners of an insured vehicle, given that T.C.A. § 56-7-1201(b) provides that only injured occupants of a vehicle can recover and then only from a policy covering a vehicle they own?

The parties agree that under our supreme court's decision in *Hataway v. McKinley*, 830 S.W.2d 53 (Tenn. 1992), Ohio law would most likely govern the tortious aspects of this case. Under Ohio law, each survivor (surviving spouse, children and parents of the deceased) is statutorily afforded a separate claim to recover damages that they have "rebuttably presumed" to have suffered by reason of the wrongful death. R.C. 2125.02(A)(1); *Wood v. Shepard*, 526 N.E.2d 1089 (Ohio 1988). The parties, likewise, agree, and correctly so, that for purposes of construing and interpreting the insurance contract at issue here, Tennessee law shall govern. *See Ohio Casualty Ins. Co. v. Travelers Indemnity Co.*, 493 S.W.2d 465 (Tenn. 1973). The well settled rule in this jurisdiction is that insurance contracts are to be construed under the same rules of construction and enforcement applicable to contracts generally. *Allstate Ins. Co. v. Wilson*, 856 S.W.2d 706, 708 (Tenn. App. 1992). Thus, it is the duty of this Court to enforce the insurance policy as written. *See Spears v. Commercial Ins. Co.*, 866 S.W.2d 544, 548 (Tenn. App. 1993). The policy language should be construed in light of reason and given its plain, ordinary meaning. *Demontbreun v. CNA Ins. Companies*, 822 S.W.2d 619, 621 (Tenn. App. 1991). It should not be given a forced construction that renders it ineffective or extends its coverage beyond its intended scope. *Demontbreun*, 822

---

[2]The appellees' motion for summary judgment specifically requested the court to declare that Atlanta Casualty was obligated to pay them an additional $25,000 under the policy.

S.W.2d at 621. Any ambiguities are to be resolved against the insurer, who drafted the policy. ***See e.g., Palmer v. State Farm***, 614 S.W.2d 788, 789 (Tenn. 1981). Where there are no ambiguities, we must take the ordinary meaning of the words used, and favor neither party. We cannot create an ambiguity where none exists. ***Omaha Property & Casualty Ins. Co. v. Johnson***, 866 S.W.2d 539, 541 (Tenn. App. 1993).

The policy at issue contains the following endorsement (Form T-05) reading, as here pertinent:

### UNINSURED MOTORISTS COVERAGE-TENNESSEE

Part C is replaced by the following:
### INSURING AGREEMENT

A. We will pay damages which an "insured" is legally entitled to recover from the owner or operator of an "uninsured motor vehicle" because of:

1. "Bodily injury" sustained by an "insured" and caused by an accident;

. . . .

The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the "uninsured motor vehicle." . . . .

B. "Insured" as used in this endorsement means:

1. You[3] or any "family member."

2. Any other person "occupying" "your covered auto."

3. Any person for damages that person is entitled to recover because of "bodily injury" to which this coverage applies sustained by an [sic] person described in 1. or 2. above.

Applying the foregoing rules of construction, we find the policy unambiguous as written. It clearly includes as "insureds" the appellees, who were the named insured's spouse and/or his "family member[s]" at the time of the accident. As insureds, they are entitled to those damages

---

[3]The policy defines "You" as the " 'named insured' as shown in the Declarations; and [t]he spouse if a resident of the same household."

4

which they are legally entitled to recover from Shockey and/or Lee (within policy limits, of course) for the bodily injuries sustained by the deceased, an "insured," in accordance with Part A1. As heretofore stated, Ohio law grants the appellees separate and distinct claims from those of the estate against the uninsured motorists. Thus, if either or both be proven liable, the appellees would be "legally entitled to recover" their own separate damages as a result of the accident. Part B3 also provides coverage to the appellees for those damages they are "entitled to recover" because of bodily injuries sustained by, in this case, Mr. Fuson.

Atlanta Casualty argues that T.C.A. § 56-7-1201(b) effectively eliminates any coverage for the appellees under the present circumstances. The statute, as it read in 1992, provides:

> **56-7-1201. Requirements and types of coverage -- Presumptions. --**
>
> . . . .
>
> . . . . With respect to bodily injury to an insured while occupying an automobile not owned by the injured party, the following priorities of recovery under uninsured motorist coverage shall apply:
> (1) The uninsured motorist coverage on the vehicle in which the injured party was an occupant shall be the primary uninsured motorist coverage;
> (2) Should that primary uninsured motorist coverage be exhausted due to the extent of compensatory damages, then the injured occupant may recover as excess from the insurance on the vehicle owned by the insured that provides the highest limits of uninsured motorist coverage. In no instance shall more than one (1) coverage from more than one (1) uninsured motorist policy be available as excess over and above the primary coverage available to the injured occupant.

Appellant asserts that because none of the appellees were "injured occupant[s]" or owned a vehicle insured by Atlanta Casualty, they are statutorily denied coverage. We find this statute inapplicable to the case at bar because it clearly addresses "priorities of recovery." Such is not the issue currently before us.

We conclude that Appellees are afforded coverage under the policy as to the accident in question as a matter of law. We, therefore, affirm the summary judgment entered in their favor

5

by the trial court and dismiss this cause.  Costs are assessed against Atlanta Casualty Company, for which execution may issue if necessary.

_____
FARMER, J.

_____
CRAWFORD, P.J., W.S. (Concurs)

_____
HIGHERS, J. (Concurs)

6