24-2335-cv
*Shackleford v. Bisignano*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of November, two thousand twenty-five.

PRESENT:
> JOHN M. WALKER, JR.,
> SUSAN L. CARNEY,
> WILLIAM J. NARDINI,
> *Circuit Judges.*

_____

Dave D. Shackleford,

> *Plaintiff-Appellant,*

v.                                                          **24-2335**

Frank J. Bisignano, Commissioner of Social Security,

> *Defendant-Appellee.*[*]

_____

---

[*] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), the Clerk of Court is respectfully directed to amend the caption as reflected above.

**FOR PLAINTIFF-APPELLANT:** DAVE D. SHACKLEFORD, pro se, Stamford, CT.

**FOR DEFENDANT-APPELLEE:** MOLLY E. CARTER, Special Assistant U.S. Attorney, Baltimore, MD (Suzanne M. Haynes, Acting Associate General Counsel, *on the brief*), Social Security Administration, *for* Marc H. Silverman, Acting United States Attorney for the District of Connecticut.

Appeal from a judgment of the United States District Court for the District of Connecticut (Shea, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Dave D. Shackleford, proceeding pro se, appeals from the district court's judgment in favor of the Commissioner of the U.S. Social Security Administration ("SSA"). Shackleford commenced this action under 42 U.S.C. § 405(g), seeking judicial review of an administrative law judge's denial of his claims under both Title II and Title XVI of the Social Security Act. The Commissioner moved to dismiss the complaint, or alternatively, for summary judgment, arguing that Shackleford had not yet obtained a

2

final administrative decision subject to judicial review. Shackleford opposed the motion. The district court granted summary judgment in favor of the Commissioner, concluding that Shackleford failed to exhaust his administrative remedies because his case remained pending with the Appeals Council, and that waiver of the exhaustion requirement was not warranted. *Dave S. v. O'Mally*, 24-cv-718 (MPS), 2024 WL 3718344 (D. Conn. Aug. 7, 2024). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.[1]

"We review *de novo* a district court's decision to grant summary judgment, construing the evidence in the light most favorable to the party against whom summary judgment was granted and drawing all reasonable inferences in that party's favor." *Bey v. City of New York*, 999 F.3d 157, 164 (2d Cir. 2021). "Summary judgment is appropriate only if 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Id.* (quoting Fed. R. Civ. P. 56(a)). "[W]e liberally construe pleadings and briefs submitted by pro se litigants, reading such submissions to

[1] On appeal, Shackleford raises various new allegations of discrimination, including that he filed a civil rights complaint with the SSA that was dismissed. However, "[i]t is a well-established general rule that an appellate court will not consider an issue raised for the first time on appeal." *Green v. Dep't of Educ. of City of N.Y.*, 16 F.4th 1070, 1078 (2d Cir. 2021) (per curiam) (citation omitted). Shackleford also moves for reconsideration of this Court's denial of his motion for copies of medical records and transcripts of administrative proceedings, as well as for "default judgment" and "judicial prejudice." In light of our resolution of this appeal, we deny those motions at this juncture.

raise the strongest arguments they suggest." *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017) (*per curiam*) (citation omitted).

The district court correctly granted the Commissioner's motion for summary judgment. First, the district court was correct that Shackleford failed to exhaust his administrative remedies. Under 42 U.S.C. § 405(g), the federal district courts may review "any final decision of the Commissioner of Social Security made after a hearing[.]" "This provision . . . contains two separate elements: first, a jurisdictional requirement that claims be presented to the agency, and second, a waivable requirement that the administrative remedies prescribed by the Secretary be exhausted." *Smith v. Berryhill*, 587 U.S. 471, 478 (2019) (alterations accepted, internal quotation marks and citation omitted). "Modern-day claimants must generally proceed through a four-step process before they can obtain review from a federal court." *Id.* at 475–76. "First, the claimant must seek an initial determination as to his eligibility." *Id.* at 476. "Second, the claimant must seek reconsideration of the initial determination." *Id.* "Third, the claimant must request a hearing, which is conducted by an ALJ." *Id.* "Fourth, the claimant must seek review of the ALJ's decision by the Appeals Council." *Id.* (citing 20 CFR § 416.1400).

Here, Shackleford presented his claims to the agency, but had yet to exhaust his

4

administrative remedies when he filed suit in federal court. The Commissioner submitted evidence reflecting that Shackleford had filed exceptions to an ALJ's unfavorable decision with the Appeals Council, and those exceptions remained pending. Shackleford did not dispute this fact, but rather acknowledged that the Appeals Council had yet to issue a decision.

Second, the district court was correct that waiver of the administrative exhaustion requirement was not warranted here. "While § 405(g) delegates to the SSA the authority to dictate which steps are generally required [for administrative exhaustion], exhaustion of those steps may not only be waived by the agency, but also excused by the courts." *Smith*, 587 U.S. at 478 (internal citations omitted). The factors governing judicial waiver of an exhaustion requirement are "(1) whether the claim is collateral to a demand for benefits; (2) whether exhaustion would be futile; and (3) whether the plaintiffs would suffer irreparable harm if required to exhaust their administrative remedies before obtaining relief." *Abbey v. Sullivan*, 978 F.2d 37, 44 (2d Cir. 1992); *see also Skubel v. Fuoroli*, 113 F.3d 330, 334 (2d Cir. 1997).

Here, none of the three factors supported waiver.

Shackleford's complaint was not "collateral" to his demand for benefits. He was "challenging the lawfulness of the denial [of benefits], and not seeking relief other than

5

that sought in the administrative proceeding." *See Pavano v. Shalala*, 95 F.3d 147, 150 (2d Cir. 1996). Shackleford admits that he is seeking a review of the denial of his benefits and asks the court to calculate his benefits under Titles II and XVI. The district court is correct that waiver is not warranted here based on a claim for collateral relief.

Nor did Shackleford show that exhaustion would be futile. Exhaustion of administrative remedies "may be unnecessary where it would be futile, either because agency decisionmakers are biased or because the agency has already determined the issue." *Washington v. Barr*, 925 F.3d 109, 118 (2d Cir. 2019). Shackleford argued that the SSA would not render a fair and impartial decision in his case because his former counsel referred to him in a filing as "Isis," Appellant Br. 28, and because the agency was giving him false and "mislead[ing]" information about the status of his case, *id.* at 38. However, Shackleford references no statements or adverse actions by SSA employees or decisionmakers that suggest bias or partiality.

The district court was also correct that Shackleford did not demonstrate a risk of irreparable harm. This Court has reasoned that "if the delay attending exhaustion would subject claimants to deteriorating health, because the Secretary has altogether denied them benefits, then waiver may be appropriate." *Abbey*, 978 F.2d at 46. Here, Shackleford asserted that he was experiencing difficult medical issues and physical and

6

financial stress, but he did not allege the *deterioration* of health, or risk thereof, that we have found in the past to constitute irreparable harm. *See State of New York v. Sullivan*, 906 F.2d 910, 918 (2d Cir. 1990) (finding "a colorable claim of irreparable harm" when denial of benefits "potentially subjected claimants to deteriorating health"). In summary, as the district court found, the relevant factors did not weigh sufficiently in favor of excusing administrative exhaustion in this case.

We have considered Shackleford's remaining arguments and find them to be without merit. We note, however, that the Commissioner concedes that were Shackleford to "withdraw his pending exceptions" in writing, he could then "obtain judicial review of the ALJ's decision before the district court." Appellee Br. 11. Should Mr. Shackleford maintain the exceptions, counsel for the Commissioner represented at oral argument that upon the resolution of this appeal, the Appeals Council would resume consideration of those exceptions.

Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court