WEAVER, Appellant,

v.

MOTORISTS MUTUAL INSURANCE COMPANY, Appellee.

[Cite as *Weaver v. Motorists Mut. Ins. Co.* (1990), 68 Ohio App.3d 547.]

Court of Appeals of Ohio,
Montgomery County.

No. 11676.

Decided Oct. 4, 1990.

*Louis & Froelich Co., L.P.A.*, and *Gary L. Froelich*, for appellant.

*Carmine Garofalo* and *Robert M. O'Neal*, for appellee.

*Per Curiam.*

The facts of this case are explained in detail in *Weaver v. Motorists Mut. Ins. Co.* (1989), 62 Ohio App.3d 836, 577 N.E.2d 703. This matter comes to our attention again in a rather unusual procedural posture.

Briefly, John D. Weaver, along with several other defendants, was sued for defamation by Robert Netzley. Weaver's insurer, Motorists Mutual Insurance Company ("Motorists Mutual"), declined to defend him in this action, claiming that defamation did not fall within the coverage of Weaver's homeowner's policy. Weaver won a declaratory judgment action against Motorists Mutual. We reversed on appeal, holding that the insurance company had no duty to defend. *Weaver, id.* Weaver attempted to appeal this court's decision, but the Supreme Court denied certiorari. *Weaver v. Motorists Mut. Ins. Co.* (1989), 45 Ohio St.3d 711, 545 N.E.2d 906. The trial court then entered judgment in Motorists Mutual's favor in accordance with our decision. In what can only be described as a highly unusual maneuver, Weaver then appealed the trial court's judgment.

Motorists Mutual asserts that we are precluded from reconsidering our prior decision under the law of the case doctrine. We are sympathetic to this argument for both policy reasons and in recognition of the danger such

reconsiderations present to an already swollen court docket. However, we cannot agree that this court can *never* entertain an appeal such as this one.

The Supreme Court has discussed the meaning of the doctrine of the law of the case:

"Briefly, the doctrine provides that the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels.

" * * *

"The doctrine is considered to be a rule of practice rather than a binding rule of substantive law and will not be applied so as to achieve unjust results." *Nolan v. Nolan* (1984), 11 Ohio St.3d 1, 3, 11 OBR 1, 2–3, 462 N.E.2d 410, 412–413.

Thus, while a trial court cannot alter the law of the case as mandated by an appellate court, *id.* at syllabus, an appellate court may choose to reexamine the law of the case it has itself previously created, if that is the only means to avoid injustice. However, such reexaminations must not be undertaken lightly by an appellate court, nor encouraged as a common course of conduct for unsuccessful litigants.

We find that our previous holding that Motorists Mutual has no duty to defend Weaver under *Preferred Risk Ins. Co. v. Gill* (1987), 30 Ohio St.3d 108, 30 OBR 424, 507 N.E.2d 1118, was correct and does not foist an unjust result upon Weaver. The homeowner's policy in effect at the time of the tort did not contain a clause obligating Motorists Mutual to defend "groundless, false, or fraudulent" claims. This is sufficient to distinguish the case at bar from *Willoughby Hills v. Cincinnati Ins. Co.* (1984), 9 Ohio St.3d 177, 9 OBR 463, 459 N.E.2d 555, upon which Weaver would have us rely.

The insurance contract obligates Motorists Mutual to defend against claims of bodily injury and property damage. Weaver argues that this court did not understand that a claim for bodily injury was asserted against him. We disagree. Netzley accused Weaver in his complaint only of causing him "expense, mental anguish, humiliation, and great loss of reputation." The only claim for "physical injury" was asserted against "John or Jane Doe Committee, Association, group of individuals or individual" who assisted in broadcasting the allegedly defamatory statement. Since no claim for bodily injury was asserted against Weaver himself, no duty to defend attached under the contract.

Weaver's sole assignment of error having been found to be not well taken, the judgment of the trial court will be affirmed.

*Judgment affirmed.*

WOLFF, P.J., BROGAN and GRADY, JJ., concur.