**SHUMP, Admr., Appellant,**

v.

**FIRST CONTINENTAL–ROBINWOOD ASSOCIATES et al., Appellees.**

[Cite as *Shump v. First Continental–Robinwood Assoc.* (2000), 138 Ohio App.3d 353.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. CA–18122.

Decided July 21, 2000.

David M. Deutsch Co., L.P.A., and *David M. Deutsch*, for appellant, Joe Shump.

*Jenks, Surdyk & Cowdrey Co., L.P.A., Scott G. Oxley* and *Brian L. Wildermuth*, for appellees First Continental–Robinwood Associates, Richard Nielson, and Robert Yeo.

*Young, Pryor, Lynn & Jerardi* and *Larry A. Smith*, for appellee Bill Goessl.

---

WILLIAM W. YOUNG, JUDGE.

Plaintiff-appellant, Joe Shump, appeals the decision of the Montgomery County Court of Common Pleas granting summary judgment to defendants-appellees, First Continental–Robinwood Associates ("First Continental"), Richard Nielson, Robert Yeo, and Bill Goessl, d.b.a. Bill's Electric.[1]

This case is a classic example of protracted litigation, having already been to this court and to the Supreme Court of Ohio. The suit arises out of a 1987 townhouse apartment fire which killed Ronald Daugherty, the apartment tenant, and his guest, Sandra J. Burnside. The fire began in the downstairs living room. Daugherty and Burnside succumbed to gas and smoke inhalation in an upstairs bedroom before the upstairs smoke detector was set off by the fire. Shump initiated the instant suit as administrator of Burnside's estate and on behalf of Burnside's three children. Shump alleged that appellees were negligent for failing to install a smoke detector on the lower level of the townhouse. Shump asserted that an additional smoke detector would have given Burnside and Daugherty sufficient warning to seek safety.

Upon motions by appellees, the trial court granted summary judgment to appellees in early 1991. In its decision, the trial court found that Dayton City Ordinance ("DCO") 92.117[2] incorporated in full the National Fire Protection

---

1. Individuals will be referred to by their last names. When referred to collectively, defendants-appellees will be referred to as "appellees."

2. DCO 92.117 provides:

Association Standard No. 74 ("NFPA No. 74"),[3] which required that smoke detectors be placed on every level of the apartment. The trial court concluded, though, that Goessl, the electrician who First Continental had contracted with to install the smoke detector, was only an independent contractor, and that he owed no duty to Burnside. The trial court found that Burnside was a licensee in the apartment, and that there was no evidence that appellees had acted in a willful and wanton manner.

Shump appealed to this court. In *Shump v. First Continental–Robinwood Assoc.* (May 11, 1993), Montgomery App. No. 13173, unreported, 1993 WL 169746, this court reversed the grant of summary judgment. This court found that even as an independent contractor, Goessl owed a duty of ordinary care in installing the smoke detector. This court found that genuine questions of material fact were present regarding whether Goessl breached his duty of ordinary care and whether First Continental had acted willfully and wantonly as to Burnside's safety. This court refused to alter the duty owed by a landlord to a tenant to a standard less than refraining from willful and wanton conduct.

Both parties appealed to the Supreme Court of Ohio. In *Shump v. First Continental–Robinwood Assoc.* (1994), 71 Ohio St.3d 414, 644 N.E.2d 291, the Supreme Court affirmed this court's decision and remanded the cause to the trial court for further proceedings. The Supreme Court altered First Continental's duty as a landlord to Burnside. The court found that a landlord owes the same duty to a tenant's guest lawfully upon the premises as the landlord owes to a

---

"Smoke detectors shall be installed and maintained in full operation in all of the following:
" * * *
"(D) Apartment
"(1) In each sleeping area; and
"(2) In or near each stairway leading to an occupied area in such a manner as to assure that rising smoke is not obstructed in reaching the detector, and that rising smoke cannot effectively bypass the detector before it reaches the occupied area.
" * * *
"(G) Standard for installation. All smoke detectors required by this section shall be installed in conformity with the National Fire Protection Association Standard # 74, 1980 edition. (Ord. 27023, passed 6–27–84) Penalty, see § 92.121"

3. Although trial court had to consider whether NFPA No. 74 was incorporated in full or only in part, the parties primarily contest whether DCO 92.117(G) incorporates NFPA No. 74, Section 2–1.1.1, which provides:

"Smoke detectors shall be installed outside each separate sleeping area in the immediate vicinity of the bedrooms and on each additional story of the family living unit including basements and excluding crawl spaces and unfinished attics."

Appellees argue that DCO 92.117(G) incorporates only NFPA No. 74, Chapter 5, Installation, which sets forth the methods by which smoke detectors are to be physically mounted. Appellees assert that if DCO 92.117(G) incorporated NFPA No. 74, Section 2–1.1.1, the incorporation would make DCO 92.117(D) a superfluous provision, because Section 2–1.1.1 restates the requirements of DCO 92.117–(D).

tenant. *Id.* at 419–420, 644 N.E.2d at 296–297, The Supreme Court affirmed this court's finding that Goessl owed a duty of ordinary care to Burnside. *Id.* at 421, 644 N.E.2d at 297–298, In remanding the case to the trial court, the Supreme Court stated:

"The questions that remain regarding First Continental's liability are whether it breached its duty under the city ordinances with regard to Burnside, using the standard noted above as opposed to a standard of wanton or willful misconduct, and whether this breach, if any, was the proximate cause of Burnside's death. Because the issue has not been argued, we do not decide whether the city ordinances imposed upon First Continental an absolute duty or a duty to exercise reasonable care. For the same reason, we also leave open the question as to whether First Continental complied with the requirements of the city ordinances by having only one smoke detector installed in Daugherty's apartment." *Id.* at 420–421, 644 N.E.2d at 297,

In its judgment, the Supreme Court ordered:

"The judgment of the court of appeals is affirmed, albeit for different reasons, and the cause is remanded to the trial court to determine whether First Continental breached its duties that it owed Burnside under the city ordinance and whether this breach, if any, was the proximate cause of Burnside's death."

Upon remand, appellees again moved for summary judgment. In April 1997, the trial court overruled the motions for summary judgment. The trial court again reviewed whether DCO 92.117(G) incorporated NFPA No. 74, finding that the ordinance unambiguously incorporated NFPA No. 74 in its entirety. The trial court found that appellees violated DCO 92.117 by not installing a smoke detector on the apartment's lower level; thus, appellees were negligent *per se.*

Appellees filed motions for reconsideration, asserting that the trial court had incorrectly construed DCO 92.117(G) and that the trial court had erred by effectively granting summary judgment to Shump on a negligence *per se* claim when Shump had never made a motion for summary judgment. In December 1999, the trial court granted the motions for reconsideration. The trial court found that DCO 92.117 was ambiguous as to its incorporation of NFPA No. 74, but the ordinance provided a penalty for any noncompliance with the ordinance. As a result, the ordinance had to be construed in appellees' favor, and doing so resulted in a finding that the ordinance did not incorporate NFPA No. 74 in full. As a result, appellees complied with DCO 92.117, and they were entitled to judgment as a matter of law as to Shump's negligence claim. Shump has appealed, raising two assignments of error.

Assignment of Error No. 1:

"The trial court erred as a matter of law by granting summary judgment after failing to apply the law of the case doctrine by reversing the final decisions of Judge Brown and Judge Bixler who had held as a matter of law that § 92.117(G) of the city of Dayton Ordinance was unambiguous and incorporated by reference NFPA # 74 in its entirety."

██  In his first assignment of error, Shump contends that the trial court was precluded from reconsidering the effect of DCO 92.117(G) because it had twice earlier found that the ordinance unambiguously incorporated NFPA No. 74 in its entirety. Shump asserts that the law of the case doctrine required that the trial court follow those earlier decisions.

██  The law of the case doctrine holds that decisions by the courts in the course of judicial proceedings become binding on the parties for all subsequent proceedings, including upon remand. *Weaver v. Motorists Mut. Ins. Co.* (1990), 68 Ohio App.3d 547, 549, 589 N.E.2d 101, 102. This doctrine applies both to appellate decisions and trial court decisions. *Cf. Blackwell v. Internatl. Union, U.A.W.* (1984), 21 Ohio App.3d 110, 112, 21 OBR 117, 119–120, 487 N.E.2d 334, 337–338. Where a party is obligated to appeal a decision of the lower court in order to preserve an issue, failure to appeal binds that party to the prior decision. *Id.; Hawley v. Ritley* (1988), 35 Ohio St.3d 157, 159–160, 519 N.E.2d 390, 392–394.

When viewing the extensive proceedings undertaken in this case over the years, we must conclude that the law of the case doctrine is inapplicable to the present proceedings and that the trial court could reassess its prior decision. Both this court and the Supreme Court reversed the initial decision of the trial court and remanded the cause for further proceedings. The remand order of the Supreme Court had the effect of mandating that the trial court reconsider all issues in light of the Supreme Court's decision. For purposes of the remand, the trial court's initial decision was completely vacated. It was as if no decision had been made by the trial court.

██  Upon remand, the trial court denied appellees' motion for summary judgment. A denial of a motion for summary judgment is not a final appealable order under R.C. 2505.02 and Civ.R. 54(B). *Celebrezze v. Netzley* (1990), 51 Ohio St.3d 89, 90, 554 N.E.2d 1292, 1293–1294, certiorari denied, 498 U.S. 967, 111 S.Ct. 428, 112 L.Ed.2d 412; *State ex rel. Overmeyer v. Walinski* (1966), 8 Ohio St.2d 23, 23, 37 O.O.2d 358, 358, 222 N.E.2d 312, 312. As no binding final order construing DCO 92.117(G) had been entered in the case, the trial court could reconsider its decision and find that its denial of summary judgment had been erroneous.

The trial court did not err by refusing to apply the law of the case doctrine and by deciding appellees' motion for reconsideration. The first assignment of error is overruled.

Assignment of Error No. 2:

"The trial court erred as a matter of law by granting summary judgment after failing to follow the plain language of § 92.117(G) of the Dayton City Ordinances."

In his second assignment of error, Shump contends that the trial court erred in concluding that DCO 92.117(G) was ambiguous and interpreting the ordinance section in favor of appellees. Shump asserts that the trial court's earlier decisions correctly held that the ordinance unambiguously incorporated NFPA No. 74 in its entirety.

When construing a statute, the paramount concern is the legislature's intent in enacting the statute. *State ex rel. Purdy v. Clermont County Bd. of Elections* (1996), 77 Ohio St.3d 338, 340, 673 N.E.2d 1351, 1353–1354. A court must first look to the language and purpose of the statute to determine the legislative intent. *State v. S.R.* (1992), 63 Ohio St.3d 590, 594–595, 589 N.E.2d 1319, 1322–1323. Words and phrases must be read in context and construed according to the rules of grammar and common usage. R.C. 1.42 [4]; *Indep. Ins. Agents of Ohio, Inc. v. Fabe* (1992), 63 Ohio St.3d 310, 314, 587 N.E.2d 814, 817. A statute that is plain, unambiguous, and definite on its face must be applied as written. *Herman v. Klopfleisch* (1995), 72 Ohio St.3d 581, 584, 651 N.E.2d 995, 997–998. There is a presumption that every word in the statute is designed to have legal effect, and every part of the statute must be regarded where practicable so as to give effect to every part of it. See *Richards v. Market Exchange Bank Co.* (1910), 81 Ohio St. 348, 363, 90 N.E. 1000, 1003. Where a statute provides a penalty for noncompliance, and where there are doubts as to the statute's meaning, the statute should be construed against the enforcing authority and in favor of the allegedly noncomplying party. *Mariemont Taxi v. Cincinnati* (1954), 162 Ohio St. 163, 55 O.O. 1, 122 N.E.2d 400, paragraph one of the syllabus.

As quoted above, DCO 92.117(D) sets forth where smoke detectors must be placed in apartments. DCO 92.117(G) provides that all smoke detectors required by subsection (D) must be "installed" in conformity with NFPA No. 74. Neither the ordinance nor NFPA No. 74 defines "installed." NFPA No. 74 does

---

4. R.C. 1.42 provides:

"Words and phrases shall be read in context and construed according to the rules of grammar and common usage. Words and phrases that have acquired a technical or particular meaning, whether by legislative definition or otherwise, shall be construed accordingly."

contain a separate chapter, Chapter 5, Installation, which sets forth how smoke detectors are to be physically mounted. Webster's Third New International Dictionary (1993) 1171, defines "install" as "to set up for use or service."

Even with a consideration of Webster's definition of "install," it must be admitted that DCO 92.117(G) is not clear whether the intent is to adopt only NFPA No. 74, Chapter 5, Installation, as it related to the physical mounting of the smoke detectors, or to adopt all of NFPA No. 74, regarding both the placement and mounting of the smoke detectors. Either reading of the ordinance would relate to setting up the smoke detectors for use or service. Thus, DCO 92.117(G) is ambiguous and must be read in favor of appellees, the allegedly noncomplying parties. Doing so results in the interpretation that DCO 92.117(G) incorporates only NFPA No. 74, Chapter 5, Installation, and not NFPA No. 74 in its entirety.

Reading DCO 92.117(G) in the above manner, the trial court correctly concluded that appellees did not violate the ordinance. Thus, the trial court correctly concluded that appellees cannot be held negligent *per se.*

Nonetheless, the trial court erred in granting summary judgment as to Shump's negligence claim as a whole. Shump does not allege in his complaint only that appellees were negligent *per se.* Rather, he alleges that they were negligent for not complying with the ordinance, NFPA No. 74, and the manufacturer's recommendations. Even though appellees may have met the minimum requirements of DCO 92.117(D), circumstances may have been such that they should have been aware of a potential danger posed to Daugherty and Burnside by there not being a smoke detector placed downstairs.

NFPA No. 74 and the manufacturer's recommendation may be used as evidence of what action a reasonable landlord should have taken. Even though these authorities are not conclusive proof of negligence at common law, they may be used as evidence of reasonable conduct. Such evidence would go to the factual issue of whether appellees met their respective standards of care to Daugherty and Burnside. Both this court and the Supreme Court have previously found that factual disputes exist as to these issues. That conclusion is not altered by the above interpretation of DCO 92.117(G).

The trial court correctly concluded that DCO 92.117(G) does not incorporate NFPA No. 74 in its entirety and correctly granted summary judgment as to the negligence *per se* claim. The trial court erred by granting summary judgment as to Shump's common-law negligence allegations. The assignment of error is sustained in part and overruled in part.

Judgment affirmed in part, reversed in part, and remanded for proceedings consistent with this opinion.

*Judgment accordingly.*

POWELL, P.J., and WALSH, J., concur.

STEPHEN W. POWELL, P.J., of the Twelfth Appellate District, sitting by assignment.

WILLIAM W. YOUNG, J., of the Twelfth Appellate District, sitting by assignment.

JAMES E. WALSH, J., of the Twelfth Appellate District, sitting by assignment.