OPINION
 STATEMENT OF THE FACTS AND CASE
On April 2, 1997, a vehicle driven by one George Briggs went left of center and struck a vehicle wherein appellee, Frank Alan Stacy, was a passenger. As a result, Appellee-Stacy sustained serious injuries.
At the time of the accident, Mr. Briggs was insured by Westfield National Insurance Company with liability policy limits of $100,000 per person. Appellee-Stacy settled with Westfield for the full amount. Also at the time of the accident, appellant was acting within the course and scope of his employment with the Tuscarawas County Educational Service Center. Said employer was insured by Appellant, Wausau Business Insurance Company, with liability policy limits of $2,000,000 per occurrence. The policy had been issued on or before March 21, 1997.
On March 30, 1999 and September 15, 1999, Frank Alan Stacy filed a complaint and amended complaint, respectively, against several insurance companies, one of which was appellee. Appellee-Stacy alleged breach of insurance contract and sought a declaratory judgment.
On November 24, 1999, Frank Alan Stacy filed a motion for summary judgment claiming coverage under a policy of insurance with Wausau Business Insurance Company.
On December 10, 1999, Wausau filed its motion for summary judgment claiming appellee-Stacy was excluded from coverage.
By judgment entry filed December 28, 1999, the trial court denied Appellee Stacy's motion and granted Appellant Wausau's motion, finding Appellee-Stacy was not entitled to coverage under Appellant-Wausau's policy because the policy was not an automobile liability policy of insurance for purposes of R.C. § 3937.18.
An appeal was then filed in this matter with this court by Frank Alan Stacy as the appellant: Stacy v. Wausau Business Insurance Company (June 13, 2000), Tusc. App. No. 2000AP01004, unreported,. The sole assignment of error was as follows:
 THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN FAVOR OF WAUSAU BUSINESS INSURANCE COMPANY (AND IN FAILING TO GRANT SUMMARY JUDGMENT IN FAVOR OF FRANK ALAN STACY) INASMUCH AS THE WAUSAU POLICY CONSTITUTES A "MOTOR VEHICLE LIABILITY" POLICY OF INSURANCE MANDATING UNINSURED/UNDERINSURED MOTORIST COVERAGE BY OPERATION OF LAW.
In our decision, we sustained Appellant-Stacy's assignment of error, holding that coverage arose by operation of law based on our finding that said policy was a limited motor vehicle liability policy. We reversed the judgment of the trial court and remanded the case to the court for further proceedings consistent with our opinion.
On June 28, 2000, Appellee-Wausau filed a Motion to Certify a Conflict with this Court which was denied on October 2, 2000.
On July 27, 2000, Appellee-Wausau Business Insurance Company filed a notice of appeal with the Ohio Supreme Court.
On October 18, 2000, the Ohio Supreme Court declined jurisdiction to hear the case and dismissed the appeal as not involving any substantial constitutional question.
On April 11, 2001, the Ohio Supreme Court announced its decision inDavidson v. Motorists Mut. Ins. Co. (2001), 91 Ohio St.3d 263.
On May 25, 2001, Wausau Business Insurance Company filed a second summary judgment with the trial court based on the Davidson decision.
On July 3, 2001, the trial court denied Wausau's motion for summary judgment with the final entry dated July 9, 2001.
On July 13, 2001, Frank Alan Stacy moved the trial court for prejudgment interest.
On August 10, 2001, the trial court granted prejudgment from the date of the accident.
It is from these decision which Wausau Business Insurance Company has filed the instant appeal, assigning the following errors:
ASSIGNMENTS OF ERROR
 I. THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT IN FAILING TO APPLY THE DECISION OF THE OHIO SUPREME COURT IN DAVIDSON V. MOTORISTS MUTUAL INS. CO. (2001), 91 OHIO ST.3d 262, 744 N.E.2d 713
WHEN RULING ON DEFENDANT-APPELLANT'S MOTION FOR SUMMARY JUDGMENT FILED ON MAY 25, 2001.
 II. THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT IN DETERMINING THAT THE PLAINTIFF-APPELLEE WAS ENTITLED TO PREJUDGMENT INTEREST FROM THE DATE OF THE ACCIDENT.
Appellant argues, that the Supreme Court of Ohio issued a decision,Davidson v. Motorists Mut. Ins. Co. (2001), 91 Ohio St.3d 263, subsequent to the release of our first opinion, that conflicts with the mandate we issued to the trial court on remand. We disagree.
Thus, we must address, as a threshold matter, whether Davidson should have altered our mandate to the lower court on remand and, specifically, whether the trial court erred in applying the relevant law as we instructed.
Relevant to such issues is the doctrine of the law of the case. This doctrine requires the following:
 [A]fter a reviewing court has reversed and remanded a cause for further action in the trial court, and the unsuccessful party does not prosecute review to the Supreme Court, the pronouncement of the law by the intermediate court becomes the law of the case, and must be followed by the lower court in subsequent proceedings in that case.
 Pavlides v. Niles Gun Show (1996), 112 Ohio App.3d 609, 615; see Stemen v. Shibley (1982), 11 Ohio App.3d 263; accord Nolan v. Nolan (1984), 11 Ohio St.3d 1, syllabus.
This doctrine is necessary, "not only for consistency of result and the termination of litigation, but to preserve the structure of the judiciary as set forth in the Ohio Constitution." Pavlides v. Niles Gun Show,112 Ohio App.3d at 615.
Thus, a trial court on remand is ordinarily without authority to resolve the law at variance with that issued by the appellate court in the same case. See Stemen v. Shibley, 11 Ohio App.3d at 263. "Absent extraordinary circumstances, such as an intervening decision by the OhioSupreme Court, an inferior court has no discretion to disregard the mandate of a Superior Court in a prior appeal in the same case." (Emphasis added.) Pavlides v. Niles Gun Show, 112 Ohio App.3d at 615.; accord Nolan v. Nolan, 11 Ohio St.3d 1, syllabus.
Likewise, the law-of-the-case doctrine is applicable to subsequent proceedings in the reviewing court. See Nolan v. Nolan,11 Ohio St.3d at 1. Thus, the decision of an appellate court in a prior appeal must ordinarily be followed in a subsequent appeal in the same case and court. See Id. However, this too is subject to exception: "An Appellate Court may choose to re-examine the law of the case it has itself previously created, if that is the only means to avoid injustice."Pavlides v. Niles Gun Show, 112 Ohio App.3d at 615; accord Weaver v.Motorists Mutual Insurance Co. (1990), 68 Ohio App.3d 547.
Here, appellant maintains that the trial court should have disregarded our assessment in the first appeal that the instant policy constituted a limited motor vehicle liability policy and instead should have looked toDavidson, a Supreme Court of Ohio decision released subsequent to our decision.
Upon review of the trial court's decision, we find that the trial court did not err in failing to find that the decision in Davidson, supra, mandated or allowed the trial court to refuse to follow the previous order of this court.
We do not find that our previous decision is in conflict with or is inconsistent with the holding in Davidson, supra. In Davidson, the Ohio Supreme Court held that a homeowner's insurance policy that provided limited liability coverage for vehicles that were not subject to motor vehicle registration and that were not intended to be used on a public highway was not a "motor vehicle liability policy" subject to statutory requirement to offer uninsured and underinsured motorist (UM/UIM) coverage.
In the case sub judice, we found that the policy included coverage for "[o]n premises or between premises use of golf carts or tractors" and that both golf carts and tractors were "motor vehicles".
Additionally, upon dismissing Appellant-Wausau's appeal, the Ohio Supreme Court had the Davidson case pending before it, as evidenced by its decision found in Stacy v. Wausau Business Ins. Co. (Oct. 18, 2000), Supreme Court Case NO. 00-1344, 736 N.E.2d 902, wherein the dissent stated that it would hold the cause for the decision inDavidson, supra.
Appellant's first assignment of error is overruled.
 II.
In its Second Assignment of Error, appellant maintains the trial court erred in granting appellee's motion for prejudgment interest.
A claim for UM/UIM benefits is a contract claim, not a tort claim. Thus, an insured can recover prejudgment interest, under R.C. §1343.03(A), the statute governing interest on contracts, book accounts and judgments. Landis v. Grange Mut. Ins. Co. (1998), 82 Ohio St.3d 339.
Throughout the State of Ohio, there are differing points of view on the issue of when prejudgment interest begins to run on an UM/UIM claim. The Ohio Supreme Court, in the case of Landis, supra, held that it is within the trial court's discretion to determine from what date prejudgment interest should be calculated:
 Whether the prejudgment interest in this case should be calculated from the date coverage was demanded or denied, from the date of the accident, from the date from which arbitration of damages would have ended if Grange had not denied benefits, or some other time based on when Grange should have paid Landis is for the trial court to determine.
 Id. at 342.
The issue before this Court is whether the trial court abused its discretion by choosing the date of the accident as the date from which prejudgment interest is to commence.
Under the abuse of discretion standard, the trial court's discretion is not absolute, but it is very broad. Because the trial court's discretion is not absolute, appellate courts, as well as the Ohio Supreme Court, must review the trial court's finding to determine whether the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
Although the Ohio Supreme Court sets forth these possible dates, it does not provide any guidelines which a trial court should follow to determine which one of these possible dates is appropriate.
This court has previously held that the trial court must, at a minimum, explain in its judgment entry the factual basis for the selection of a trigger date for prejudgment interest. Nichols v.Milwaukee Ins. Co. (Aug. 21, 2000), Stark App. No. 2000CA00066, unreported,
Upon review of the trial court's decision granting prejudgment interest, we find that the trial court failed to explain in its judgment entry the factual basis for the selection the date of the accident as the trigger date for prejudgment interest.
We therefore remand this matter to the trial court for proceedings consistent with this opinion.
Appellant's second assignment of error is sustained.
Based on the foregoing, we hereby affirm the decision of the trial court in part and reverse and remand in part.
By: BOGGINS, J. WISE, P.J. and EDWARDS, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Tuscarawas County, Ohio is affirmed in part and reversed and remanded in part for further proceedings consistent with this opinion. Costs to appellant.