OPINION
{¶ 1} Stephen Eyler is appealing the judgment of the Miami County Common Pleas Court juvenile division which increased his court ordered child support payments.
 {¶ 2} In 1991, Tracey Caldwell, nka Gabbard, filed a motion to establish the paternal relationship between Eyler and her two daughters, Taryn and Autumn Caldwell, born in 1988 and 1990 respectively. In 1992, the court found that Eyler was the father of the two girls and ordered child support. In 1998, Eyler filed a motion to vacate the judgment of paternity and request genetic testing. The testing determined that Eyler was not the biological father of Autumn. Gabbard contested Eyler's motion to vacate the paternity judgment. Finally, in January of 1999, Gabbard and Eyler entered into an agreed entry wherein Eyler was declared the legal father of both Autumn and Taryn. Additionally, the agreed entry provided that "due to a change in circumstances" Eyler's child support payments were reduced from $482.44 per month to $284 per month, and a $5000 arrearage was excused. Further, Eyler additionally agreed to pay 100% of the medical expenses and 60% of the dental and optical expenses for both girls.
 {¶ 3} In October of 2000, Gabbard through the child support enforcement agency moved for a modification of child support, increasing Eyler's monthly payments. Eyler responded by filing a motion based on R.C. 3119.926, requesting relief from the judgment establishing paternity for Autumn, the termination of child support for Autumn, and waiver of the arrearage. The lower court denied the motion and Eyler appealed that determination. We upheld the trial court determination. Caldwell v.Eyler, Miami App. No. 2002 CA 6, 2002-Ohio-5124. We stated that in the agreed entry in 1999, Eyler acknowledged that he was Autumn's natural father. Further, we stated that the agreed entry amounted to a child support order that required payments for both girls as it did not limit the child support obligation to only for Taryn's support.
 {¶ 4} After the determination of Eyler's motion, the Miami County Child Support enforcement agency renewed its motion for a modification of child support. The magistrate held hearings on the motion and determined that Eyler's child support obligation should be increased to $627.93 each month. Eyler filed objections to the magistrate's decision. The trial court overruled Eyler's objections and adopted the magistrate's decision. Eyler has filed this appeal from that judgment.
 {¶ 5} Eyler raises the following as his sole assignment of error:
 {¶ 6} "Because the parties clearly agreed that appellant would in effect pay child support for only one of tracy's children, this court should hold the parties to the terms of that contract."
 {¶ 7} Eyler argues that the 1999 agreed entry was understood to mean that he would only have to pay child support for Taryn and therefore, the trial court erred in ordering him to pay child support for both girls. We disagree.
 {¶ 8} "The law of the case doctrine holds that decisions by the courts in the course of judicial proceedings become binding on the parties for all subsequent proceedings, including upon remand Weaver v.Motorists Mut. Ins. Co. (1990), 68 Ohio App.3d 547, 549, 589 N.E.2d 101,102. This doctrine applies both to appellate decisions and trial court decisions. Cf. Blackwell v. Internatl. Union, U.A.W. (1984),21 Ohio App.3d 110, 112, 21 OBR 117, 119-120, 487 N.E.2d 334, 337-338. Where a party is obligated to appeal a decision of the lower court in order to preserve an issue, failure to appeal binds that party to the prior decision. Id.; Hawley v. Ritley (1988), 35 Ohio St.3d 157, 159-160,519 N.E.2d 390, 392-394." Shump v. First Continental-Robinwood Assoc.
(2000), 138 Ohio App.3d 353, 359.
 {¶ 9} We believe the law of the case doctrine is applicable to the instant action. Eyler argues that the agreed entry reflected an understanding that he would no longer pay child support for Autumn as she was not his biological child. Therefore, he asserts that the lower court erred in ordering a modification of child support based on both Autumn and Taryn. However, we have previously determined that in the agreed entry Eyler acknowledged that he was the biological father of both Autumn and Taryn. Further, we stated in Eyler's previous appeal that the agreed entry was a child support order requiring Eyler to pay for both Autumn and Taryn. Although it lowers Eyler's child support payments, the agreed entry does not state the reason for the lowered payments nor does it state the child support payment is for Taryn's benefit alone. Thus, the agreed entry was a child support order requiring Eyler to pay child support for both girls. Moreover, Eyler's attorney drafted the agreed entry and thus any ambiguity is construed against the drafter, Eyler. We cannot agree with Eyler that he and Gabbard agreed that Eyler would only pay child support for Taryn and not Autumn.
 {¶ 10} Further, we note that R.C. 3119.96 et seq., which Eyler relied upon in his attempt to have the paternity judgment reversed, has recently been determined to be unconstitutional by this Court in Hittlev. Palbas, Greene App. No. 2003 CA 52, 2003-Ohio-5843.
 {¶ 11} Eyler's assignment of error is without merit and is overruled. The judgment of the trial court is affirmed.
Fain, P.J. and Grady, J., concur.