[Cite as *Norris v. Philander Chase Corp.*, 2011-Ohio-6545.]

COURT OF APPEALS
KNOX COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| JOHN NORRIS, EXECUTOR, ET AL. | JUDGES:<br>Hon. William B. Hoffman, P.J. |
| Appellant/Cross-Appellee | Hon. John W. Wise, J.<br>Hon. Julie A. Edwards, J. |
| v. | Case No. 11-CA-10 |
| PHILANDER CHASE CORPORATION,<br>ET AL. | |
| | O P I N I O N |
| Defendants-Appellees/Cross-Appellants | |

CHARACTER OF PROCEEDING:      Appeal from the Knox County Court of
                              Common Pleas

JUDGMENT:                     Affirmed, in part; Reversed, in part; and
                              Remanded

DATE OF JUDGMENT ENTRY:       December 14, 2011

APPEARANCES:

For Appellant/Cross-Appellee            For Defendants-Appellees/
                                        Cross-Appellants

LEONARD W. YELSKY                       RICHARD S. LOVERING
75 Public Square, Suite 800             BRICKER & ECKLER LLP
Cleveland, Ohio 44113                   100 South Third Street
                                        Columbus, Ohio 43215

*Hoffman, P.J.*

{¶ 1} Appellant/cross-appellee Leonard Yelsky appeals the May 9, 2011 Judgment Entry entered by the Knox County Court of Common Pleas, rendering judgment against him and Plaintiff John Norris, jointly and severally, in the amount of Three Hundred Eighty-One Thousand Four Hundred Twenty-One and 86/100 Dollars ($381,421.86). Defendants-appellees/cross-appellants are Kenyon College and Philander Chase Corporation (collectively "the College") who cross-appeal the trial court's denial of their request for prejudgment interest and exclusion of additional parties as being jointly and severally liable in that same judgment.

STATEMENT OF THE CASE

{¶ 2} This appeal follows remand by this Court in *Norris v. Philander Chase Company and Kenyon College* (October 28, 2010), Knox County Appeal No. 10-CA-04.[1] Therein, we reversed the judgment of the Knox County Court of Common Pleas and remanded the matter to the trial court, finding "…the trial court should have deemed his [Norris's] action in filing it to be frivolous." (Id, at ¶24). Via Judgment Entry filed January 3, 2011, this Court granted reconsideration of our prior opinion and concluded "… we adhere to our original decision in this matter." (Judgment Entry at p.2, unpaginated).

{¶ 3} Upon remand, the trial court scheduled a hearing on the College's Motion for Expenses for February 2, 2011. Appellant filed a Motion to Disqualify the Knox County Court Reporter, Donna Chafins, on January 26, 2011. Appellant also issued

---

[1] See our Opinion for a rendition of the procedural history and a statement of facts as they existed prior to remand.

subpoenas to previously dismissed defendant, Attorney Richard Murray, as well as Court Reporter Chafins to appear for the February 2, 2011 hearing. Attorney Murray filed a Motion to Quash the subpoena on January 31, 2011. The trial court rescheduled the February 2, 2011 hearing for April 8, 2011.

{¶ 4} On March 2, 2011, the trial court issued a Judgment Entry outlining the parameters for the April 8, 2011 hearing. Therein, the trial court denied Appellant's Motion to Disqualify the Court Reporter as moot, excused Chafins from serving as court reporter for the April 8, 2011 hearing, and ordered Norris and Appellant to arrange for another court reporter. The College filed a Motion for Expenses and Prejudgment Interest on March 31, 2011.

{¶ 5} Following the evidentiary hearing on April 8, 2011, the trial court entered its Judgment Entry filed May 9, 2011, granting judgment against Appellant and Norris, jointly and severally.

{¶ 6} It is from that judgment entry Appellant prosecutes this appeal, assigning as error:

{¶ 7} "I. THE TRIAL COURT ERRED TO PREJUDICE OF DEFENDANT-APPELLANT, MR. YELSKY, IN ITS PRETRIAL RULING OF MARCH 2, 2011, WHEN IT PREJUDICIALLY LIMITED THE PARAMETERS OF THE HEARING, AND QUASHED THE TIMELY SUBPOENAS, PROPERLY SERVED UPON DONNA CHAFINS AND RICHARD MURRAY BY MR. YELSKY.

{¶ 8} "II. IT WAS PREJUDICIAL ERROR TO DECLARE THAT THE APPELLATE MAJORITY DECISION WAS THE LAW OF THE CASE, WHEN SUCH DOCTRINE IS CONSIDERED TO BE A RULE OF PRACTICE RATHER THAN A

BINDING RULE OF SUBSTANTIVE LAW, AND WILL NOT BE APPLIED SO AS TO ACHIEVE UNJUST RESULTS. *NOLAN V. NOLAN* (1984), 11 Ohio St.3d 1, 3, 11 OBR 1, 2-3, 462 N.E.2d 410, 412-413. [* * * 3]."

{¶ 9} The College cross-appeals from that same judgment entry, assigning as error:

{¶ 10} "I. THE TRIAL COURT ERRED IN FAILING TO AWARD PREJUDGMENT INTEREST PURSUANT TO R.C. 1343.03(C).

{¶ 11} "II. THE TRIAL COURT ERRED IN AWARDING JUDGMENT AGAINST ONLY A CREDITOR-PROOF ATTORNEY RATHER THAN ALL ATTORNEYS WHO SIGNED THE COMPLAINT DETERMINED BY THIS COURT TO BE FRIVOLOUS WHEN FILED."

APPEAL

I

{¶ 12} We begin by noting Appellant's argument asserting the trial court improperly limited the parameters of its equitable powers during the April 8, 2011 hearing is included in that portion of his brief asserting improper application of the law of the case doctrine.[2]

{¶ 13} Having determined the trial court properly applied the law of the case doctrine in our discussion of Appellant's second assignment of error, infra, we reject this portion of Appellant's first assignment of error for the reasons set forth therein.

---

[2] The "LAW AND ARGUMENT" section of Appellant's brief does not designate the arguments to correspond directly to either of his assignments of error. Appellant's brief appears to address his second assignment of error first under Subsection A. Subsection B of his brief address arguments raised in his first assignment of error.

{¶ 14} We now direct our attention to Appellant's claim the trial court committed error, thereby depriving Appellant of his constitutional due process rights and his statutory right under R.C. 2323.51(B)(2)(c), by quashing his subpoenas for Chafins and Murray. We disagree.

{¶ 15} Appellant argues the testimony of Chafins was necessary, asserting Chafins submitted a false affidavit concerning the status of her transcription of the July 23, 2009 hearing which formed the basis of the prior appeal. Appellant asserts Chafins did not comply with Local Rule 8(B).

{¶ 16} We agree with the College, as did the trial court, any issue involving Chafins' transcription is moot, as its only possible relevance was to the prior appeal. As does the College, we find Appellant's reasoning about Chafins' alleged fraudulent affidavit unclear as to how it relates to the appeal sub judice or how Appellant was prejudiced as a result.

{¶ 17} Appellant's brief offers no explanation why the testimony of Attorney Murray was relevant. Appellant did not proffer any testimony concerning what Attorney Murray would have testified. Without such, Appellant cannot demonstrate any prejudice in this record, assuming arguendo, the trial court abused its discretion in quashing his subpoena.

{¶ 18} We find no abuse of discretion is affirmatively demonstrated in this record as a result of the trial court's quashing of either subpoena.

II

{¶ 19} Herein, Appellant argues the trial court committed error by finding this Court's decision in the prior appeal, *Norris v. Philander Chase Company and Kenyon*

*College*, (October 28, 2010) Knox County Appeal No. 10-CA-04, announced the law of the case.

{¶ 20} Appellant cites *Weaver v. Motorist Mutual Insurance Company*, (1990) 68 Ohio App.3d 547, which, in turn, cited *Nolan v. Nolan*, (1984) 11 Ohio St.3d 1 for the proposition the law of the case doctrine is considered to be a rule of practice rather than a binding rule of substantive law and will not be applied so as to achieve unjust results. The *Weaver* court explained: "Thus, while a trial court cannot alter the law of the case as mandated by an appellate court * * * an appellate court may choose to examine the law of the case as it has itself previously created, if that is the only means to avoid injustice. However, such reexaminations must not be undertaken lightly by an appellate court, nor encouraged as a common course of conduct for unsuccessful litigants." *Weaver*, supra, at 2.

{¶ 21} By his own citation of authority, Appellant's implication the trial court erroneously applied the law of the case doctrine is without merit because the *Nolan* Court specifically held a trial court cannot alter the law of the case as mandated by an appellate court. Nevertheless, we will deem Appellant's argument as one asking us to reexamine the law of the case this Court previously created.

{¶ 22} To support his argument this Court's previous decision creates injustice, Appellant relies upon *L & N Partnership v. Lakeside Forest Assoc.*, (2009), 183 Ohio App. 3d 125. Appellant had previously relied upon that same authority in his prior appeal and the *L & N* case was briefed by both parties to that appeal. Appellant again relied upon *L & N* in his motion for reconsideration of our prior decision. On both occasions, we found the case to be unpersuasive.

{¶ 23} We agree with the College. Appellant is rehashing, for a third time, arguments this Court has rejected on two prior occasions. We find our previous decision constitutes the law of the case.

{¶ 24} Appellant's second assignment of error is overruled.

CROSS APPEAL

STATEMENT OF ADDITIONAL FACTS

{¶ 25} At the April 8, 2011 hearing, the College presented evidence of its attempts to settle the dispute over the amount of fees it was entitled to as a result of this Court's prior Opinion and Judgment Entry. Those attempts included a May 20, 2010 email from the College's counsel to Cross-appellee and his co-counsel [LaurynMae Yelsky];[3] a January 27, 2011 correspondence from the College's counsel to a Cross-appellee and LaurynMae Yelsky demanding $355,181.32 as expenses; and a March 7, 2011 correspondence from the College's counsel to Cross-appellee and LaurynMae Yelsky indicating a continued desire on behalf of the College to settle the matter for the amount previously demanded in its January 27, 2010 correspondence. Cross-appellee made no response to either of the last two correspondences.

{¶ 26} Neither Cross-appellee nor Norris offered any testimony or exhibits nor proffered any evidence at the April 8, 2011 hearing.

I

{¶ 27} Herein, the College asserts the trial court erred by failing to award it prejudgment interest. We disagree.

---

[3] We find this email irrelevant as to prejudgment interest on fees for frivolous conduct as it was sent before this Court's decision in the prior appeal.

{¶ 28} Prejudgment interest is authorized pursuant to R.C. 1343.03(C)(1), which provides in pertinent part:

{¶ 29} "(C)(1)   If, upon motion of any party to a civil action that is based on tortious conduct, that has not been settled by agreement of the parties, and in which the court has rendered a judgment, decree, or order for the payment of money, the court determines at a hearing held subsequent to the verdict or decision in the action that the party required to pay the money failed to make a good faith effort to settle the case and that the party to whom the money is to be paid did not fail to make a good faith effort to settle the case, interest on the judgment, decree, or order shall be computed as follows:

{¶ 30}  "(b) In an action in which the party required to pay the money engaged in the conduct resulting in liability with the deliberate purpose of causing harm to the party to whom the money is to be paid, from the date the cause accrued to the date on which the order, judgment, or decree was rendered."

{¶ 31} The Ohio Supreme Court held in *Kalain v. Smith* (1986), 25 Ohio St.3d 157, 495 N.E.2d 572, 574, "A party has not 'failed to make a good faith effort to settle' under [O.R.C. §1343.03(C)] if he has (1) fully cooperated in discovery proceeding, (2) rationally evaluated his risks and potential liability, (3) not attempted to unnecessarily delay any of the proceedings, and (4) made a good faith monetary settlement offer or responded in good faith to an offer from the other party."

{¶ 32} Decisions regarding an award of prejudgment interest are within the sound discretion of the trial court.  *Huffman v. Hair Surgeon, Inc.* (1985), 19 Ohio St.3d 83. The *Huffman* Court stated in order to find ". . . an 'abuse' in reaching such determination, the result must be palpably and grossly violative of fact and logic that it

evidences not the exercise of will but perversity of will, not the exercise of judgment but defiance thereof, not the exercise of reason but rather of passion or bias." Id. at 87.

{¶ 33} In support of its argument the trial court erred in not awarding it prejudgment interest, the College notes Cross-appellee failed to make any response to its correspondences dated January 27, 2011, and March 7, 2011, as noted supra; Cross-appellee filed "increasingly frivolous motions" to disqualify the court reporter and compel irrelevant testimony from Attorney Murray. We note the trial court sustained Cross-appellee's request to disqualify Chafins as court reporter for the April 8, 2011 hearing. And as noted earlier, because no proffer was made as to what Attorney Murray's testimony would have been, we are reluctant to conclude it was irrelevant.

{¶ 34} The College cites *Szitas v. Hill* (2006), 165 Ohio App.3d 439, for the proposition the failure of either party to comply with any one of the factors set forth in the *Kalain* case establishes that party has failed to make a good faith effect to settle. We disagree with the *Szitas* Court's conclusion. While the *Kaplain* factors identifies when a party has not failed to make a good faith effort to settle, we do not believe the corollary (the failure to satisfy any one of the four factors) mandates a determination the party has not made a good faith effort to settle.

{¶ 35} The College points to nothing in the record to demonstrate Cross-appellee failed to fully cooperate in discovery following this Court's remand. Although the subpoenas for Chafins and Attorney Murray were eventually quashed, we are not convinced they unnecessarily directly delayed the proceedings as it appears it was Attorney Murray's motion to quash his subpoena which lead to postponement of the February 2, 2011 hearing. When coupled with Cross-appellee's successful

disqualification of Chafins as the court reporter for that hearing, we find the trial court could have found Cross-appellee did not unnecessarily delay the proceedings.

{¶ 36} We agree Cross-appellee's failure to make any response to the College's two letters demanding $355,181.32, is a factor weighing in favor of a finding of bad faith.[4] However, we do not find such failure alone mandates an award of prejudgment interest.

{¶ 37} In summation, while we feel there was ample basis to support an award of prejudgment interest, we decline to find the trial court's failure to do so amounts to an abuse of discretion.

{¶ 38} The College's first assignment of error on cross-appeal is overruled.

II

{¶ 39} Herein, the College challenges the trial court's failure to include Attorney LaurynMae Yelsky and the law firm Yelsky and Lonardo as parties being jointly and severally liable for the judgment for expenses. The College's challenge appears prompted, at least in part, by an asset search conducted after the trial court's May 9, 2011 Judgment Entry. We find the College's reliance on the Affidavit of Jennifer Earley dated June 3, 2011, is inappropriate. Such affidavit is not part of the record as it existed before the trial court at the time it executed its judgment. We believe the College's claim of Cross-appellee's lack of assets is irrelevant to our analysis of this assigned error. Furthermore, we do not consider Cross-appellee's willingness to "take the whole

---

[4] Given this Court's two prior rejections of Cross-appellee's argument based on the *L & N* case, we find his belief our prior decision was unjust, though sincerely and earnestly held, does not demonstrate a rational evaluation of his risks and potential liability.

blame" or "assume the responsibility" is a misrepresentation of his ability to satisfy the judgment.

{¶ 40} To resolve the issue presented, we must look to the original Complaint filed in this matter and to the College's December 17, 2008 and March 31, 2011 motions for expenses.

{¶ 41} It is undisputed the Complaint found by this Court to be frivolous was signed both by Cross-appellee and LaurynMae Yelsky. The College's December 17, 2008 Motion for Expenses requested an award against both Plaintiff (Norris) and Plaintiff's counsel. We note "counsel" can be singular or plural. The Certificate of Service indicates the motion was served upon Leonard W. Yelsky, Esq., LaurynMae Yelsky, Esq., and Yelsky & Lonardo.

{¶ 42} The College's March 31, 2011 Motion for Expenses and Prejudgment Interest requested an award as a result of Plaintiff John Norris and his counsel's frivolous conduct. The memorandum in support thereof notes the Complaint was filed by Norris and his attorneys (plural). The Cerficate of Service indicates this new motion was served on Leonard W. Yelsky, Esq., LaurynMae Yelsky, Esq. and Yelsky & Lonardo.

{¶ 43} The docket reflects a copy of a "HEARING REASSIGNMENT" notice setting the College's Motion For Expenses for hearing on February 2, 2011, was sent to LaurynMae Yelsky and Leonard W. Yelsky, among others. The docket further reflects a copy of a "HEARING REASSIGNMENT" notice rescheduling a hearing on the College's Motion for Expenses for April 8, 2011, was sent to LaurynMae Yelsky and Leonard W. Yelsky, among others.

**{¶ 44}** Based upon the above, we find the trial court erred when it failed to include Plaintiff Norris' counsel LaurynMae Yelsky as being jointly and severally liable for the award. We decline to find error for failing to include "Yelsky & Lonardo" as a party jointly and severally liable for the award as there is no record demonstration "Yelsky & Lonardo" is *sui juris* nor did the College request an award against "Yelsky & Lonardo" in either of its motion.

**{¶ 45}** The College's second assignment of error on cross-appeal is sustained, in part, and overruled, in part.

**{¶ 46}** The judgment of the trial court is affirmed, in part; reversed, in part; and the case remanded for further proceeding in accordance with our Opinion and the law.

By: Hoffman, P.J.

Wise, J. and

Edwards, J. concur

s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ John W. Wise_____
HON. JOHN W. WISE


s/ Julie A. Edwards_____
HON. JULIE A. EDWARDS

IN THE COURT OF APPEALS FOR KNOX COUNTY, OHIO
FIFTH APPELLATE DISTRICT

JOHN NORRIS, EXECUTOR, ET AL. :
:
Appellant/Cross-Appellee :
:
v. : JUDGMENT ENTRY
:
PHILANDER CHASE CORPORATION, :
ET AL. :
:
Defendants-Appellees/Cross-Appellants : Case No. 11-CA-10

For the reasons set forth in our accompanying Opinion, the May 9, 2011 Judgment Entry of the Knox County Court of Common Pleas is affirmed, in part; reversed, in part; and the case remanded to the trial court for further proceeding in accordance with our Opinion and the law. Costs of the appeal are assessed to Appellant. Costs of the Cross-Appeal are to be divided equally.

s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ John W. Wise_____
HON. JOHN W. WISE


s/ Julie A. Edwards_____
HON. JULIE A. EDWARDS